RAMON ORTIZ vs. COUNTY OF HAMPDEN.

Hampden. April 11, 1983. — May 27, 1983.

Present: BROWN, ROSE, & DREBEN, JJ.

*Governmental Immunity. County,* Liability for tort. *Practice, Civil,* Complaint.

An allegation in a complaint that negligent record keeping by county employees resulted in the plaintiff's improper arrest and imprisonment stated a cause of action sounding in negligence which was not barred by G. L. c. 258, § 10(c), the Massachusetts Tort Claims Act, and should not have been dismissed either for lack of subject matter jurisdiction under Mass.R.Civ.P. 12(b)(1), or for failure to state a claim upon which relief may be granted under Mass.R.Civ.P. 12(b)(6). [139-141]

CIVIL ACTION commenced in the Superior Court Department on January 17, 1980.

The case was heard by *Simons*, J., on a motion to dismiss.

*Howard S. Sasson* for the plaintiff.

*William T. Walsh, Jr.*, Assistant District Attorney, for the defendant.

ROSE, J. The plaintiff brought an action in which he alleged that negligent record keeping on the defendant's part resulted in the issuance of a default warrant for the plaintiff, Ramon Ortiz, rather than for one Ramon A. Ortiz, who is eighteen years younger than the plaintiff. As a result of the issuance of the warrant, the plaintiff was arrested and imprisoned. The action was dismissed under Mass.R.Civ.P. 12(b), 365 Mass. 755 (1974), on the ground that the claim is, in effect, one of false imprisonment which is precluded by the Massachusetts Tort Claims Act, G. L. c. 258, § 10(c), inserted by St. 1978, c. 512, § 15. This was error.

We hold that the plaintiff's claim states a cause of action sounding in negligence which is not barred by G. L. c. 258, § 10(c), and should not have been dismissed either for lack of subject matter jurisdiction under Mass.R.Civ.P. 12(b)(1) (see *Gibson* v. *United States*, 457 F.2d 1391, 1392 n.1 [3d Cir. 1972]; *Black* v. *Sheraton Corp. of America*, 564 F.2d 531, 539 [D.C. Cir. 1977]) or for failure to state a claim upon which relief may be granted under Mass.R.Civ.P. 12(b)(6).

Pursuant to G. L. c. 258, § 10(c), governmental liability is not to attach to "any claim arising out of an intentional tort, including . . . false imprisonment, [or] false arrest." Since we have found no legislative history interpreting G. L. c. 258, § 10(c), and since there is no Massachusetts case on point, we have considered cases interpreting similar language under the Federal Tort Claims Act (28 U.S.C. § 2680(h) [1976]), and an analogous State act (Alaska Stat. § 09.50.250 [1973]). Those authorities are divided in defining the scope of actions which are excluded by statute from a waiver of sovereign immunity. The differing analyses depend, in large part, on different interpretations of what claims may be considered as "arising out of" the torts specifically excluded by statute. Some courts have read "arising out of" in a narrow sense and have allowed actions to be brought against the government when a cause of action independent of the torts specifically enumerated by statute is alleged. See *Rogers* v. *United States*, 397 F.2d 12, 15 (4th Cir. 1968); *Quinones* v. *United States*, 492 F.2d 1269, 1279-1281 (3d Cir. 1974); *Zerbe* v. *State*, 578 P.2d 597 (Alaska 1978). Other courts have read the language of the statute broadly, thereby retaining a substantial degree of governmental immunity. See *Gaudet* v. *United States*, 517 F.2d 1034, 1035 (5th Cir. 1975); *Jimenez-Nieves* v. *United States*, 682 F.2d 1, 3-6 (1st Cir. 1982); *Duenges* v. *United States*, 114 F. Supp. 751 (S.D.N.Y. 1953); *Collins* v. *United States*, 259 F. Supp. 363, 364 (E.D. Pa. 1966). We are persuaded by the reasoning in the *Quinones* case that the focus must be upon "the type of governmental activity

that might cause harm, not upon the type of harm caused." *Quinones* v. *United States*, 492 F.2d at 1280. *General Pub. Util. Corp.* v. *United States*, 551 F. Supp. 521, 529 (E.D. Pa 1982). But cf. *Jimenez-Nieves* v. *United States*, 682 F.2d at 6.

The plaintiff in this case has alleged negligent record keeping by county employees as the offending governmental activity leading to his improper arrest and imprisonment, rather that an intentional and unlawful confinement by the city police. There is a distinction between the conduct which forms the basis of a cause of action in negligence and one for false imprisonment. A cause of action in negligence requires the breach of a duty which is the proximate cause of a plaintiff's injury. See *Beaver* v. *Costin*, 352 Mass. 624, 626 (1967); Restatement (Second) of Torts § 328A (1963-1964 & Supp. 1982). On the other hand, false imprisonment requires unlawful confinement by force or threat. See *Wax* v. *McGrath*, 255 Mass. 340, 342 (1926); Restatement (Second) of Torts § 35 (1963-1964 & Supp. 1982). The gravamen of the complaint is predicated not upon any conduct of the police but is directed at the conduct of those who prepared the warrant. See *David* v. *Larochelle*, 296 Mass. 302, 304 (1936); *Morrill* v. *Hamel*, 337 Mass. 83, 85-86 (1958).

The complaint gives no indication of what specific acts or omissions by the county employees are alleged to have constitued the negligence. We need not decide on the basis of the pleadings what sets of facts could constitute a basis for liability under G. L. c. 258. See *Whitinsville Plaza, Inc.* v. *Kotseas*, 378 Mass. 85, 100 (1979). In considering a motion to dismiss under Mass.R.Civ.P. 12(b)(6) the proper standard is that "a complaint is sufficient unless it shows beyond doubt that there is no set of facts which the plaintiff could prove in support of his claim which would entitled him to relief." *Howard* v. *G.H. Dunn Ins. Agency, Inc.*, 4 Mass. App. Ct. 868, 869 (1976). *Nader* v. *Citron*, 372 Mass. 96, 98 (1977). Since we cannot say as matter of law that there is no conceivable set of facts which would justify a claim

based on negligence against the county, the judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

*So ordered.*