**Paul MASLAUSKAS, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Civ.A.No. 82–2193–G.**

United States District Court, D. Massachusetts.

March 27, 1984.

Denise McWilliams, Cambridge, Mass., for plaintiff.

Asst. U.S. Atty., Joseph J. McGovern, III, Boston, Mass., for defendant.

## MEMORANDUM AND ORDER ALLOWING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

GARRITY, District Judge.

Plaintiff has filed suit against the United States under the Federal Tort Claims Act, 28 U.S.C. § 1346(b), alleging that he was incarcerated illegally for 396 days as a result of negligent conduct by the United States Parole Commission ("the Commission") and the United States Bureau of Prisons. The facts underlying plaintiff's claim are set out in *Maslauskas v. U.S. Board of Parole*, 3 Cir.1980, 639 F.2d 935. Plaintiff alleges that on March 22, 1972 the Commission unlawfully issued a parole vio-

lator warrant which then was lodged as a detainer against him on May 18 or 19, 1976. Furthermore, on January 12, 1977, without plaintiff's knowledge or participation, the Commission held a dispositional review at which it decided not to disturb the detainer. Due to a series of clerical errors plaintiff did not learn of the detainer until January 1978. One month later, the Commission conducted a second dispositional review, again without notifying plaintiff. On April 25, 1978, after being notified that the Commission again had decided to leave the detainer in effect, plaintiff filed in the United States Court for the Middle District of Pennsylvania a *pro se* petition for a writ of *habeas corpus*. The district court ordered the Commission to hold yet another dispositional review of the parole violator warrant.[1] This review was held in January 1979, and the warrant detainer retained in force. Plaintiff's *habeas* petition then apparently was dismissed. The Court of Appeals for the Third Circuit reversed, holding that the Commission was without authority to issue the parole violator warrant and that a writ of *habeas corpus* must issue. By the time the court issued its opinion on June 24, 1980, however, plaintiff already had served his parole violator term, which commenced November 25, 1978 and ended March 15, 1980.

On August 27, 1981, plaintiff filed an administrative claim with the Commission seeking money damages for the time he was unlawfully incarcerated. The claim was denied on or about January 27, 1982.[2] Plaintiff filed this suit on July 30, 1982.

1. The court appointed William Caprio, Esquire, to assist plaintiff in preparing forms for the dispositional review. Attorney Caprio also submitted a written statement on plaintiff's behalf to the body conducting the review.

2. The exact date of the denial is contested by the parties. If the claim was denied on January 27, as defendant contends, then plaintiff's suit, which he commenced on July 30, would be barred by the six-month statute of limitations in 28 U.S.C. § 2401(b). Under the statute, the date the denial letter is mailed by certified or registered mail is controlling. The denial letter in this case, however, mistakenly was mailed without a date. Also, the defendant was unable to

produce the green receipt ordinarily signed by the addressee and returned to the sender, which would have indicated when the letter was received and whether it was sent by certified or registered mail. Due to these irregularities, the court held an evidentiary hearing at which both sides presented evidence. Because we decide today that plaintiff's administrative claim was barred by the statute of limitations, there is no need to resolve the factual questions regarding the date and manner of the mailing of the denial. Were we obliged to answer these questions, however, we would conclude that the defendant, which conceded at the hearing that it had the burden of proof, failed to carry its

Defendant has moved for summary judgment[3] on the ground that plaintiff's administrative claim was time-barred by 28 U.S.C. § 2401(b), which in pertinent part states:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues ....

Defendant contends that plaintiff's claim accrued no later than January 1979, when the Commission conducted its third and final dispositional review and decided, erroneously as it turned out, to keep the detainer warrant in effect. Defendant submits that no unlawful conduct is alleged to have occurred after that date, and that plaintiff's two-year period for filing an administrative claim expired in January 1981.

Plaintiff contends that his claim did not accrue until March 15, 1980 when he was released from custody after fully serving his unlawfully imposed parole violator term. Plaintiff filed his administrative claim on August 27, 1981. He characterizes his unlawful incarceration as a continuing tort and argues that the two year period for filing an administrative claim did not expire until March 15, 1982. For reasons stated *post*, we reject plaintiff's position and adopt the defendant's.

 Ordinarily, a claim accrues under the Federal Tort Claims Act when a claimant learns of his injury and its cause. *United States v. Kubrick*, 1979, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259. An exception to the general rule exists when a defendant's conduct constitutes a "continuing tort." *Gross v. United States*, 8 Cir.

1982, 676 F.2d 295, 300. A continuing tort sufficient to toll the statute of limitations is occasioned by continual unlawful acts, not by continuing ill effects from an original tort. *Ward v. Caulk*, 9 Cir.1981, 650 F.2d 1144. We rule that plaintiff's unlawful incarceration until March 15, 1980 was a continuing ill effect of allegedly[4] tortious conduct by the defendant that occurred in and before January 1979. Plaintiff's administrative claim therefore was barred by § 2401(b).

 The fact that plaintiff remained in custody as a result of defendant's alleged negligence does not automatically give rise to a continuing tort. *See Sandutch v. Muroski*, 3 Cir.1982, 684 F.2d 252; *cf. Cooper v. United States*, 7 Cir.1971, 442 F.2d 908. For there to be a continuing tort there must be a continuing duty. While in certain circumstances the government owes prisoners a continuing duty to uncover "the absence of a constitutionally adequate basis for confinement," *see, e.g., Stuebig v. Hammel*, M.D.Pa.1977, 446 F.Supp. 31, 33, it does not owe prisoners a *continuing* duty to review and re-review, in search of possible legal errors, its decisions to issue parole violator warrants. Congress has provided for a dispositional review within 180 days after a parole violator warrant is lodged as a detainer. 18 U.S.C. § 4214(b)(1). When the defendant conducted such a review in January 1979, it fully discharged its duty under the statute.[5]

Plaintiff appears to argue that *Quinones v. United States*, 3 Cir.1974, 492 F.2d 1269, imposed upon the defendant in this case an additional, continuing duty: to use reason-

---

burden on both issues of date and manner of mailing.

**3.** Defendant's motion was styled "Motion to Dismiss or in the alternative for Summary Judgment." Because we received affidavits and held an evidentiary hearing, we treat defendant's motion as one for summary judgment. F.R.Civ.P. 12, 56.

**4.** The Court of Appeals for the Third Circuit ruled that defendant's conduct was unlawful. The ruling may be *prima facie* evidence that defendant's conduct also was tortious, but it is

not conclusive on that point. Indeed, the fact that a district judge upheld the Commission's decision on the parole violator warrant suggests that the Commission's error was not the result of a lack of due care, but rather a result of the difficulty of the legal question presented.

**5.** In this case the Commission far exceeded the 180 day time limit, but the appropriate relief ordinarily is to order that a dispositional review take place. The district court where plaintiff filed his *habeas* petition granted such relief. *Maslauskas, supra* at 938.

able care in assuring the lawfulness of his incarceration. Plaintiff's reliance on *Quinones* is misplaced. That case involved a former federal employee who alleged the government failed to use due care in maintaining his personnel records and that his reputation was damaged as a result. The court held that the government had a "duty to use reasonable care in maintaining the accuracy of [personnel] records." 492 F.2d at 1277. Plaintiff does not contend, however, that his prison records were inaccurate. Rather he complains that a legal error committed by the Commission went undiscovered.[6] Therefore, plaintiff's claim does not come within the holding of *Quinones*. *See Ortiz v. County of Hampden*, 1983, 16 Mass.App. 138, 449 N.E.2d 1227 (claim stated where negligent record keeping resulted in plaintiff's improper arrest and imprisonment).

Moreover, the *Quinones* court principally relied on a federal regulation when it charged the government with a duty of reasonable care in maintaining personnel records. 492 F.2d at 1277. As previously noted, Congress established the duty owed by the defendant to the plaintiff in the instant case. That duty was fully discharged.

Because the defendant owed plaintiff no special continuing duty after January 1979, there was no continuing tort. The two year period for filing an administrative claim therefore expired in January 1981. Plaintiff's administrative claim, filed in August 1981, was time-barred. Accordingly, defendant's motion for summary judgment is allowed and plaintiff's action is dismissed.

---

6. Plaintiff also complains of clerical errors which resulted in his not being notified of the Commission's first two dispositional reviews. These errors occurred prior to January 1979.

In order to satisfy the two year statute of limitations, plaintiff must identify a tortious act that occurred within two years of when he filed his administrative claim on August 27, 1981.