# RESCRIPT OPINIONS.

FRANK J. CAMOSCIO *vs.* PATTY ANN HODDER & another.[1] January 24, 1991. *Jurisdiction,* Supreme Judicial Court. *Supreme Judicial Court,* Jurisdiction, Superintendence of inferior courts.

In April, 1987, after a hearing and a determination that Frank J. Camoscio had filed a multiplicity of actions of an insubstantial nature, a judge of the Superior Court entered an order requiring the approval of a judge "sitting in the Suffolk Motion Session" before the court clerk could properly accept any paper filed in any action on behalf of Camoscio. A panel of the Appeals Court affirmed that order. See *Camoscio v. Wilner,* 25 Mass. App. Ct. 1119, further appellate review denied, 402 Mass. 1103 (1988).

In April, 1990, Camoscio sought to file an action against the defendant Hodder, and a judge sitting in Suffolk Superior Court denied Camoscio leave to do so. Camoscio then filed against Hodder and the judge a "petition for equity" under G. L. c. 214, § 1 (1988 ed.), with the clerk of the Supreme Judicial Court for the county of Suffolk (county court), challenging the refusal of the Superior Court judge to accept his complaint for filing. As far as appears, Camoscio did not seek to appeal the order of the Superior Court judge. A single justice of this court dismissed the "petition for equity" without a hearing, and Camoscio has appealed to the full court.

General Laws c. 214, § 1, concerning the original, not the appellate, jurisdiction of the county court provides no avenue to challenge a trial court order. If, despite its allegations, the complaint were to be treated as one under G. L. c. 211, § 3 (1988 ed.), seeking supervisory relief from a single justice, the complaint would fare no better because Camoscio had another avenue of relief and, moreover, even if there were no other avenue of relief, he has made no showing that the single justice abused his discretion in dismissing the complaint. The fact that the Superior Court judge who acted in this matter was not "sitting in the Suffolk Motion Session" and the fact that such a session no longer exists in no way benefit Camoscio.

*Judgment affirmed.*

The case was submitted on briefs.

[1] A judge of the Superior Court.

*James M. Shannon*, Attorney General, & *Beth D. Levi*, Assistant Attorney General, for a judge of the Superior Court.

*Frank J. Camoscio*, pro se.