Graham, J.
INTRODUCTION
The plaintiff, Frank J. Camoscio, is a former inmate at the Suffolk County House of Correction who brought this action seeking compensatory and punitive damages from the defendants.[3] The plaintiff alleges that: (1) the defendants falsely imprisoned him by failing to transmit, or clarify, the fact that he was entitled to three (3) days of sentence credit, awarded pursuant to G.L.c. 279, §33A, and (2) the defendant, Patricia Hanley, denied him access to the law library during his incarceration. This matter is now before the court on defendants’ motions to dismiss[4] and defendant Hanley’s motion for a protective order. For the reasons set forth below, the défendants’ motions to dismiss are ALLOWED and defendant Hanley’s request for a protective order is DENIED.
BACKGROUND[5]
On March 11, 1994, a jury found the plaintiff guilty of practicing podiatry without a license, unlawful possession of a Class E controlled substance, and unlawful possession of hypodermic syringes. As a result of the convictions, the judge revoked bail and ordered the plaintiff held until sentencing on March 14, 1994. On that date, the judge sentenced the plaintiff to six months at the Suffolk County House of Correction. The docket sheet for that date also reads, “Sentence credit given as per 279:33A: 3 days.”
The subsequent mittimus, however, that was signed by Assistant Clerk-Magistrate Richard A. Hannaway, reads, “The court in imposing sentence orders that the defendant be deemed to have served zero (0) days of sentence.” The plaintiffs false imprisonment claim arises from this discrepancy in the docket sheets and mittimus. The plaintiff argues that defendant Hannaway’s error, and defendant Hanley’s failure to assist him in correcting the error, as his caseworker, constitute false imprisonment.
After his initial incarceration, plaintiff was housed in the Community Works Program (CWP) until April 22, 1994, when he was released to the Metropolitan Day Reporting Center, a community release program. Notwithstanding the fact that the plaintiff was on day reporting, he had a parole eligibility date of June 11, 1994. The plaintiffs parole hearing, however, was held on June 8, 1994; three days earlier. The Parole Board voted to parole the plaintiff on June 20, 1994, and he was ultimately discharged on parole on June 24,1994. The plaintiff alleges that, during his incarceration, defendant Hanley denied him access to the law library.
DISCUSSION
A. Standard of Review for Motions to Dismiss
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the factual allegations of the complaint; as well as any inference which can be drawn therefrom in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991). The complaint “is to be construed so as to do substantial justice . . .” Ourfalian v. Aro Mfg. Co., 31 Mass.App.Ct. 294, 296 (1991). Plaintiffs complaint should not be dismissed for failure to state a claim “unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.” Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). “A complaint is not subject to dismissal if it could support relief on any theory of law” (emphasis in original). Whittinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
B. False Imprisonment
The plaintiff alleges that the defendants falsely imprisoned him for three (3) days and should pay compensatory and punitive damages. The defendants assert numerous grounds to dismiss the claim, including immunity for public employees, failure of the plaintiff to comply with statutory presentment under G.L.c. 258, §4, and the fact that any defect in plaintiffs sentence was cured and he was not damaged.
In the instant matter, the plaintiff complains that defendant Hannaway’s improper statement on the mittimus and defendant Hanley’s failure to correct the misstatement led to his unlawful confinement for three (3) days. This court must recognize that “(t]here is a distinction between the conduct which forms the *198 basis of a cause of action in negligence and one for false imprisonment.” Ortiz v. County of Hampden, 16 Mass.App.Ct. 138, 140 (1983). “A cause of action in negligence requires the breach of a duty which is the proximate cause of a plaintiffs injury . . . [while] false imprisonment requires unlawful confinement by force or threat.” Id. (citations omitted). The gravamen of plaintiff s complaint centers not upon the prison officials who imprisoned him, but rather the clerk who prepared the mittimus and the caseworker who failed to check on the error. As such, plaintiffs cause of action sounds in negligence, and not false imprisonment. See id. at 140-41.
Public employees acting within the scope of their employment are not liable for injuries that result from their negligent acts.[6] G.L.c. 258, §2. The Massachusetts Tort Claims Act (MTCA) holds a public employer liable for such actions. G.L.c. 258, §2. The plaintiff in this matter has not sued the public employer, but rather the public employees directly; alleging that they falsely imprisoned him. Cf. Ortiz v. County of Hampden, supra at 140-41 (permitting negligence action to go forward against public employer). As both defendants are public employees, they can not be held liable for their negligent acts committed in their representative capacities.[7]
In plaintiffs opposition, he argues that this case should be heard under G.L.c. 258, §10(c). G.L.c. 258, §10(c) excludes intentional torts, such as false imprisonment, from the scope of the MTCA. Doe v. Blandford, 402 Mass. 831, 837-38 (1988). The meaning of this exclusion is that a public employer retains its sovereign immunity from liability for the intentional torts of its employees. Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 285 (1985). Alternately, the public employer can be held personally liable for his intentional torts, which is what the plaintiff seeks to rely on. See id. at 286 n.9; Morash & Sons v. Commonwealth, 363 Mass. 612, 624 (1973).
As discussed earlier, however, the plaintiff has stated a claim in negligence and has failed to state a claim for false imprisonment against the defendants individually.
C. Denial of Access to the Law Library
The plaintiff alleges that defendant Hanley denied him access to the law library. In response, defendant Hanley argues that the claim is barred by the doctrine of res judicata and claim preclusion.
“The doctrine! ] of res judicata . . . [is] most important in assuring that judgments are conclusive, thus avoiding relitigation of issues that were or could have been raised in the original action . . .” Anderson v. Phoenix Inv. Counsel of Boston, Inc., 387 Mass. 444, 449 (1982). “The purpose of the doctrine [of res judi-cata] is to conserve judicial resources, to prevent the unnecessary costs associated with multiple litigation, and to ensure finality of judgment.” Martin v. Ring, 401 Mass. 59, 61 (1987).
“ ‘Res judicata’ is the generic term for various doctrines by which a judgment in one action has a binding effect in another.” Bagley v. Moxley, 407 Mass. 633, 636 (1990), quoting Heacock v. Heacock, 402 Mass. 21, 23 n.2 (1988). The phrase “res judicata” encompasses both the doctrine of “claim preclusion” and the doctrine of “issue preclusion.” Bagley v. Moxley, supra at 636. Claim preclusion “prohibits the maintenance of an action based on the same claim that was the subject of an earlier action between the same parties or their privies.” Id. “The doctrine of claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and bars further litigation of all matters that were or should have been adjudicated in the action.” Id. at 637, quoting Heacock v. Heacock, supra at 23.
The necessary elements “to preclude relitigation of an issue are ‘identity of cause of action and issues, the same parties, and judgment on the merits by a court of competent jurisdiction.’ ” Almeida v. Travelers Ins. Co., 383 Mass. 226, 229-30 (1981), quoting Franklin v. North Weymouth Coop. Bank, 283 Mass. 275, 280 (1933). “Public policy dictates that there be an end of litigation; that those who have contested an issue shall be bound by the result of the contest, and that matters once tried shall be considered forever settled as between the parties.” Wright Mach. Corp. v. Seaman-Andwall Corp., supra at 688, quoting Baldwin v. Iowa State Traveling Men’s Ass’n, 283 U.S. 522, 525 (1931).
The. plaintiff previously filed suit in Middlesex Superior Court (Civil No. 94-03516) against the Metropolitan Day Reporting Center and Robert C. Rufo, Sheriff of Suffolk County. The impetus of plaintiffs prior complaint was “that defendants prohibited him from going to the law library and instructed plaintiff not to work on his legal matters.” After addressing the merits of plaintiffs claims, the court (Brassard, J.) granted summary judgment in favor of the defendants.
It is clear that the gravamen of plaintiffs complaint in both actions is the denial of access to the law library. It is also clear that there was a final adverse judgment entered against the plaintiff, after reviewing the merits of his claim, and that the parties in the earlier action share a degree of privity with the defendants in this action. Accordingly, the plaintiff shall not be permitted to pursue other individuals, who work within the correctional system, concerning the same issue.
It appears that the plaintiff filed this lawsuit without adding all of the parties he now feels are responsible.[8] While this court will view a pro-se plaintiffs complaint and pleadings liberally, plaintiff may not circumvent the well-established legal doctrines of res judicata and claim preclusion. As such, the plaintiff s claim that defendant Hanley denied him access to the law library must fail.[9]
D. Defendant Hanley’s Motion for a Protective Order
In the past ten years, the plaintiff has filed a myriad of lawsuits and motions, many of which have been *199 deemed vexatious, frivolous, or repetitive. As a result, several courts have issued protective orders restricting the plaintiffs ability to file pro-se lawsuits without prior court approval.[10] While it appears clear to this court that the plaintiff has changed his venue to Middlesex Superior Court as other courts have closed their doors to him,[11] this court is not convinced that a protective order should issue at this time.
ORDER
Based upon the foregoing, it is hereby ORDERED that the defendants’ motions to dismiss are ALLOWED and defendant Hanley’s motion for a protective order is DENIED.

In the beginning of the plaintiffs complaint, he refers to both defendants in their official capacities and lists their work addresses. This court, however, will construe the pro-se plaintiffs complaint as suing both defendants individually and in their official capacities for purposes of this motion.

Each defendant has filed a separate motion to dismiss.

This court has taken all of the plaintiffs allegations as true, but, as plaintiffs complaint is somewhat vague, has filled in pertinent gaps by viewing court records and docket sheets from prior judicial proceedings, the Parole Board Summary, and the Parole Board Vote Sheet. The defendants attached these documents to their motions, which were served upon the plaintiff, and to which the plaintiff filed opposition. Such a use of limited outside documents, however, does not transform the defendants’ motions to dismiss into motions for summary judgment. See, e.g., Watterson v. Page, 987 F.2d 1, 3-4 (1st Cir. 1993) (permitting use of public records, documents central to plaintiffs claim, or documents referred to in plaintiffs complaint); Romani v. Shearson Lehman Hutton, 929 F.2d 875, 879 n.3 (1st Cir. 1991) (allowing consideration of offering documents defendant submitted); Fudge v. Penthouse Int’l. Ltd., 840 F.2d 1012, 1015 (1st Cir. 1988) (relying on extraneous documents when “plaintiff fails to introduce a pertinent document as part of his pleading”).

G.L.c. 258, §1 defines “public employee" as any “elected or appointed, officers or employees of any public employer . . .” G.L.c. 258, §1 then defines “public employer" as “the commonwealth and any county, city, town, educational collaborative, or district. . .” A clerk-magistrate of the Superior Court and caseworker at the Suffolk County House of Correction are both public employees.

In addition, the plaintiff has failed to meet the statutoiy condition precedent of presentment, pursuant to G.L.c. 258, §4, to bring suit under the MTCA. Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 283 (1985).

It also appears that at the termination of the earlier proceeding, the plaintiff attempted to add defendant Hanley to the suit, but that the court (Sosman, J.) denied the request.

As this court concludes that the plaintiffs claim that he was denied access to the law library is barred by the doctrine of res judicata, there is no need to address the merits of his claim herein. In addition, there is no need to address defendant Hanley’s claim that there was insufficient service of process.

The plaintiff has been barred from filing any papers without prior judicial approval in Suffolk Superior Court, Camoscio v. Board of Registration of Podiatry, Civil No. 87-56398, (Suffolk Super. Ct. April 10, 1987), aff'd sub nom, Camoscio v. Wilner, 25 Mass.App.Ct. 1119 (1988) (unpublished decision under Appeals Court Rule 1:28), Plymouth Superior Court, Conway v. Camoscio, Civil No. 88-1677 (Plymouth Super. Ct. April 14, 1992), the Supreme Judicial Court for the Commonwealth and Suffolk County, Camoscio v. Board of Registration of Podiatry, 408 Mass. 1001, 1002 (1990), and the United States District Court for the District of Massachusetts, Camoscio v. Commonwealth of Massachusetts, No. 92-11530-Y (D. Mass. November 2, 1992), aff'd, Camoscio v. Commonwealth of Massachusetts, No. 92-2386 (1st Cir. 1993).
Furthermore, due to the multitude of motions filed by the plaintiff in his criminal case, Commonwealth v. Camoscio, Crim. No. 93-10394 (Suffolk Super. Ct.), the plaintiff was forbidden from filing further papers without prior leave of the court (see applicable docket sheets). In addition, the Supreme Judicial Court has enforced the bar in Suffolk Superior Court by not allowing Camoscio to file suit against a defendant, Patty Ann Hodder, or the Superior Court Justice who would not allow Camoscio to file that suit originally. See Camoscio v. Hodder, 409 Mass. 1001, 1001 (1991).

In 1995, the plaintiff filed six separate actions in this court, including actions against the Chief Justice of the Superior Court, Camoscio v. Mulligan, Civil No. 95-00048 (Middlesex Super. Ct.), and the Supreme Judicial Court, Camoscio v. Massachusetts Supreme Judicial Court, Civil No. 95-03622 (Middlesex Super. Ct.).