Graham, J.
Plaintiff brought suit against defendants under a variety of theories for injuries suffered when he was accused of harassment by defendant Gizara. Defendants XRE/ADC Corp. (“XRE”), John Grady, James Thomasch and Maura Tuohy have moved for summary judgment on all counts.[2] For reasons set forth more fully below, defendants’ motion is allowed.
BACKGROUND
Plaintiff began his employment with XRE in December of 1990. On February 4, 1994 plaintiff was summonsed to a meeting by defendants Thomasch and Tuohy, who were employed respectively as vice-president and personnel manager of XRE. At thát meeting, Thomasch and Tuohy informed plaintiff that charges of sexual harassment had been lodged against him by a fellow employee, defendant Gizara. Plaintiff denied the accusations. In support of his innocence, plaintiff produced copies of E-mail correspondence between himself and Gizara which, plaintiff claimed, showed that his relationship with Gizara was professional and not personal or sexual. Tuohy and Thomasch did not accept the E-mails.
After the meeting, Tuohy and Thomasch submitted a written memorandum to plaintiff in which they concluded that Gizara’s complaint was credible. Plaintiff was subsequently placed on paid leave of absence and required to meet with a clinical psychologist, defendant Clouse. Plaintiffs reinstatement was expressly conditioned on his following Clouse’s recommendations for any treatment, including follow-up visits. As requested, plaintiff met with Clouse. After an examination, Clouse concluded that plaintiff suffered from significant problems of impulse control and distorted notions of himself and others. Clouse’s diagnosis was forwarded to Tuohy.
Plaintiff returned to active employment at XRE until August of 1994, at which time he was laid off due to a lack of work activity. Plaintiff thereupon filed this suit.
DISCUSSION
Summary judgment is appropriate where there are no genuine issues of material fact and where the summary judgment record entitles the moving party to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass.RCiv.P. 56(c). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue, and that the summary judgment record entities the moving party to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 16-17 (1989). The nonmoving party’s failure to prove an essential element of its case “renders all other facts immaterial” and mandates summary judgment in favor of the moving party. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711 (1991), citing Celotex v. Catrett, 477 U.S. 317, 322 (1986).
The complaint includes claims for defamation (Count I), intentional and/or negligent infliction of emotional distress (Count II), negligent hiring (Count III), negligent investigation (Count IV), breach of contract (Count V); false imprisonment (Count VII), and violation of the Massachusetts Civil Rights Act, G.L.c. 12, §§11H and I (Count X). As noted above, the Court has ruled that the *488 period for discovery will be extended for Counts I and V. Plaintiff concedes that Count III and the claim for negligent infliction of emotional distress are barred by the exclusivity provision of the Workers’ Compensation Act, G.L.c. 152, §24 (“§24”). Accordingly, this decision only addresses Counts IV, VII and X, as well as the intentional infliction of emotional distress component of Count II. The Court will discuss these claims in turn.
1.Intentional Infliction of Emotional Distress
Plaintiff acknowledges that, as a general rule, a suit for an intentional tort committed in the course of the employment relationship by a fellow employee is normally barred by §24. See Anzalone v. MBTA, 403 Mass. 119, 124 (1988). However, plaintiff cites an “exception” to the rule where a fellow employee commits an intentional tort which “was in no way within the scope of employment furthering the interests of the employer.” O’Connell v. Chasdi, 400 Mass. 686, 690 (1987). Such intentional torts “are not an accepted risk of doing business,” and therefore are not precluded by §24. Id. at 690-91. Plaintiff contends that the exception applies in this case because Tuohy and Thomasch were acting contrary to the interests of XRE when they made false and defamatory statements about plaintiff. The Court disagrees. Defendants’ actions may have been rash, perhaps even negligent. However, there is no evidence to suggest that defendants acted other than, at best, in the interests of an employee who claimed she was harassed, or, at worst, in XRE’s interest because failure to act in response to Gizara’s claims may have subjected the company to suit by her.
In sum, the facts of this case compel the Court to uphold the rule rather than apply the exception.
2.Negligent Investigation
Plaintiff asserts that Tuohy and Thomasch acted negligently when investigating Gizara’s claims of harassment. In particular, plaintiff claims that defendants refused to examine the evidence which he offered in rebuttal of the charges against him and, generally, accepted Gizara’s version of events without conducting any independent investigation.
Defendants argue that summary judgment should enter on their behalf because the negligent investigation claim is barred under §24. Plaintiff is quick to point out that defendants cite no Massachusetts authority in support of their argument. Although it appears that no Massachusetts court has ruled on the issue, the Court determines that §24 does bar Count IV. The acts and injuries of which plaintiff complains in his negligent investigation and negligent supervision counts are essentially the same insofar as the crux of both claims is that Tuohy and Thomasch negligently investigated the harassment charges lodged against plaintiff. Accordingly, there is no reason to treat the claims differently for purposes of determining whether they are barred under §24. Such a determination is consistent with “the intended purpose of the Workers’ Compensation Act to provide a uniform statutory remedy for injured workers, in contrast to a piecemeal, tort based system . . .” Catalano v. First Essex Savings Bank, 37 Mass. App. Ct. 377, 380-81 (1994).
3.False Imprisonment
The tort of false imprisonment consists of imposing by force or threats an unlawful restraint upon another’s freedom of movement. Ortiz v. County of Hampden, 16 Mass.App.Ct. 138, 140 (1983).
In his brief, plaintiff baldly states that the “primary” basis for his false imprisonment claim is an alleged invasion of his privacy. However, plaintiff offers no authority in support of his argument and the Court is not persuaded that an invasion of privacy effectuates the “confinement” which is essential to a false imprisonment claim.
As a secondary basis, plaintiff contends that forcing an employee to submit to a psychiatric evaluation under threat of discharge constitutes false imprisonment. Plaintiffs position is without support in Massachusetts law. It is well established that the threat of discharge from at will employment does not constitute confinement for purposes of the tort of false imprisonment. Foley v. Polaroid Corp., 400 Mass. 82, 91 (1987). In Foley, the Supreme Judicial Court flatly stated that “an employee at will who relinquishes his right to move about in return for continued employment, to which he is not entitled, is not imprisoned. He has a free choice.” Id.
4.Violation of Massachusetts Civil Rights Act
The Massachusetts Civil Rights Act, G.L.c. 12, §§11H and I, provides relief where plaintiff shows that defendant, by “threat, intimidation or coercion,” attempted to interfere or interfered with a right secured by the constitution or laws of either the United States or the Commonwealth. Here, plaintiff claims that defendants violated his right to privacy, secured under G.L.c. 214, §1B, by the means of physical threats. Plaintiffs claim is without merit.
Assuming arguendo that plaintiff can establish an invasion of privacy, he has not shown, as claimed, that his right to privacy was interfered with by “threats, intimidation and coercion.” On the one hand, plaintiff asserts that the “threat” element is satisfied here because Tuohy and Thomasch “physically” confronted him with false accusations of sexual harassment. However, plaintiffs argument is a strained attempt to invoke the protection of the MCRA. In Planned Parenthood League of Massachusetts, Inc. v. Blake, 417 Mass. 467, 474 (1994), the Supreme Judicial Court defined “threat” as the “intentional exertion of pressure to make another fearful or apprehensive of injury or harm.” Id. There is no evidence to suggest, nor does plaintiff claim, that Tuohy and Thomasch ever put him in apprehension of injury of harm.
Alternatively, plaintiff suggests that defendants employed “coercion” when they threatened to terminate him if he did not submit to a psychological *489 examination. Although cancellation of an employment contract or future economic relationship is sufficient to constitute coercion within the meaning of the MCRA, Karetnikova v. Trustees of Emerson College, 725 F.Supp. 73, 77-78 (D.Mass. 1989); Bally v. Northeastern University, 403 Mass. 713, 719-20 (1989); Redgrave v. Boston Symphony Orchestra, 399 Mass. 93, 95 (1988), there cannot be any such showing of coercion here because plaintiff was an at will employee with no guaranteed future economic relationship with XRE. Just as Tuohy and Thomasch’s alleged threat of discharge did not constitute imprisonment (see discussion in section 3 above), so too was it insufficient to constitute coercion.
ORDER
For the foregoing reasons, it is hereby ORDERED that defendants’ motion for summary judgment is ALLOWED with respect to Counts II, III, IV, VII and X of the complaint.

In lieu of an opposition brief, plaintiff moved pursuant to Mass.R.Civ.P. 56(f) for an extension of time within which to oppose summary judgment. After oral argument, the Court ordered the plaintiff to file an opposition brief with regard to Counts II, III, IV, VII and X, but took the Rule 56(f) motion under advisement with regard to Counts I and V. For reasons set forth in a separate decision and order, the Court determines that plaintiffs motion will be allowed with respect to Counts I and V. Accordingly, this decision only addresses summary judgment as it pertains to Counts II, III, IV, VII and X of the complaint.