Kenton-Walker, Janet, J.
The plaintiff, Kimberly Figueroa (“Kimberly”), brought this suit through her parent and next friend, Hector Figueroa, against the Town of Southbridge (“Southbridge”) for negligence, assault and battery, false arrest and false imprisonment and abuse of process for acts committed by Officer Cynthia M. Iwanski (“Officer Iwanski”). Southbridge brings a Motion to Dismiss the original complaint. Kimberly brings a Cross Motion to Amend the Complaint and add Officer Iwanski as a defendant. For the foregoing reasons, both Southbridge and Kimberly’s motions are ALLOWED in part and DENIED in part.

BACKGROUND

On October 11, 2006, Kimberly was an eight-year-old third grade student at the Charlton Street School located at 221 Charlton Street, Southbridge, Massachusetts. On October 11, 2006, Officer Iwanski allegedly threatened, detained and assaulted Kimberly. Kimberly claims that Officer Iwanski pressed her up against a wall inside the school and then handcuffed her so tightly that she sustained severe bruising around her wrists. Kimberly further alleges that Southbridge’s agents and servants employed at the Charlton Street School witnessed the event but did nothing to protect Kimberly. After the event, Officer Iwanski filed an action against Kimberly pursuant to G.L.c. 199, §39E in the Dudley District Court, to allegedly justify her actions and to intimidate Kimberly and her parents from pursuing a claim against Officer Iwanski.
Kimberly brings the following claims: negligence for handcuffing Kimberly (count I), assault and battery (count II), false arrest and false imprisonment (count III), abuse of process (count IV), and negligence against employees of Charlton Street School for failing to protect Kimberly from harm (count V). The defendant moves to dismiss the complaint.
Kimberly opposes the motion to dismiss and brings a cross motion to amend the complaint to add Officer Iwanski as a direct defendant for any intentional acts not allowed by G.L.c. 258 against Southbridge. Kimberly has added the following claims in her amended complaint: negligence claim against Officer Iwanski for handcuffing her (count VI), false arrest and false imprisonment claim against Officer Iwanski (count VII) and abuse of process claim against Officer Iwanski (count VIII).[1]

DISCUSSION

A motion to dismiss “argues that the complaint fails to state a claim upon which relief can be granted." Jarosz v. Palmer, 436 Mass. 526, 529 (2002), quoting J.W. Smith & H.B. Zobel, Rules Practice §12.16 (1974). In considering such a motion, the court takes as true the well-pleaded factual allegations of the complaint, as well as such inferences as may be drawn from them in favor of the non-moving party, Nader v. Citron, 372 Mass. 96, 98 (1977), but disregards legal conclusions cast in the form of factual allegations. Schaer v. Brandeis University, 432 Mass. 474, 477 (2000). To survive a motion to dismiss under current law, the complaint must contain “allegations plausibly suggesting (not merely consistent with) an entitlement to relief,” and “must be enough to raise a right to relief above the speculative level.” Iannacchino v. Ford Motor Co., 451 Mass. 623, 636 (2008), quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

Count I: Negligence

Southbridge alleges that the negligence count against it for Officer Iwanski’s negligent interaction with the minor plaintiff should be dismissed because it is an intentional tort claim barred under The Massachusetts Tort Claims Act (“MTCA”). Kimberly, in response, moves to amend this count, stating that Southbridge was negligent in training, instructing and supervising its officers with respect to their interactions with minor children.
The Massachusetts Supreme Judicial Court has reiterated that the intentional tort exception to MTCA should be read narrowly against public entities asserting it. Doe v. Blandford, 402 Mass. 831, 837-38 (1988) (allowing a negligence claim against the Town for its failure to supervise and fire a guidance counselor who assaulted the plaintiff); Ortiz v. Hampden, 16 Mass.App.Ct. 138, 138-40 (1983) (allowing a falsely imprisoned plaintiff to bring a suit alleging negligent record-keeping). Furthermore, Massachusetts courts have repeatedly allowed plaintiffs to bring claims against the city or municipality for negligent supervision and training, where a police officer employed by the municipality is alleged to have committed an intentional tort. See Dobos v. Driscoll, 404 Mass. 634, 653 (1989) (“[W]here the supervisory officials allegedly had, or should have had, knowledge of a public employee’s assaultive behavior, it is the supervisor’s conduct, rather than the employee’s intentional conduct, that is the true focus of the case”); Chaabouni v. City of Boston, 133 F.Sup.2d 93, 97-98 (2001) (“[W]hile Chaabouni seeks redress for intentional torts the officers allegedly committed, his additional negligence claim against the City rests on the independent theory that the City was negligent in failing to train and supervise Officers Thomas and Buchanan”).
Taking Kimberly’s set of the facts to be true, Officer Iwanski handled Kimberly in a rough and violent manner and ignored her complaints and applied the handcuffs so tightly that she sustained severe bruising around her wrists. Such treatment of a minor is sufficient to create a plausible negligent supervision and/or training claim. Accordingly, this court will allow the plaintiff to amend her complaint to add *51 claims for negligent supervision and training against Southbridge.

Count II, III & IV: Assault & Battery, False Arrest & False Imprisonment, and Abuse of Process

Southbridge argues that assault and battery claim, false arrest and false imprisonment claim and abuse of process claim are all intentional torts and barred by MTCA.
MTCA allows suits against a municipality or city for negligent or wrongful conduct, G.L.c. 258, §2, but not for claims arising from intentional torts. G.L.c. 258, § 10(c). This court agrees with Southbridge that all these counts allege intentional torts barred by MTCA. Thus, these counts against Southbridge will be dismissed.[2]
Count V: Negligence
Kimberly brings a negligence claim against Southbridge because school officials failed to intervene while Officer Iwanski was assaulting Kimberly. Southbridge argues that this claim is barred by the discretionary function exception of G.L.c. 258, § 10(b).
Claims which are subject to § 10(b) must be analyzed under a two-prong test. Harry v. Stoller & Co. v. Lowell 412 Mass. 139, 141 (1992). The first step is to determine “whether the governmental actor had any discretion to do or not to do what the plaintiff claims caused him harm.” Id. at 141.
The second step is to determine “whether the discretion that the actor has is that kind of discretion for which § 10(b) provides immunity from liability ...” Id. If the conduct that caused the injury has a “high degree of discretion and judgment involved in weighing alternatives and making choices with respect to public policy and planning, governmental entities should remain immune from liability.” Id. at 142, citing, Whitney v. Worcester, 373 Mass. 208, 216-20 (1977).
The following considerations are relevant in determining whether the conduct involves policymaking and planning. “If the injury-producing conduct was an integral part of governmental policymaking or planning, if the imposition of liability might jeopardize the quality of the governmental process, or if the case could not be decided without usurping the power and responsibility of either the legislative or executive branch of government, governmental immunity would probably attach.” Id.
Here, the discretionary function immunity does not apply. First, it is not entirely clear that school officials did not have a duly to protect its students from assault. Moreover, there is no indication that the failing to intervene while Officer Iwanski assaulted Kimberly furthered any governmental policymaking or planning issues. Accordingly, this count is not dismissed.

Count VI: Negligence of Cynthia M. Iwanski

Through this count of the amended complaint, Kimberly seeks to impose liability upon Officer Iwanski for negligence. The defendant argues that this claim is barred by G.L.c. 258, §2.
Under MTCA, a public employee acting within the scope of his office or employment is not liable for his negligence or wrongful acts or omissions. G.L.c. 258, §2. The complaint alleges that the Officer Iwanski was negligent in handcuffing Kimberly too tightly. It appears that Officer Iwanski handcuffed Kimberly during the scope of her employment. Thus, G.L.c. 258, §2 bars this claim.

ORDER

Based on the foregoing, it is hereby ORDERED that Southbridge’s Motion to Dismiss is ALLOWED as to Count II, III and IV and DENIED as to Count I and V. Kimberly’s Cross-Motion to Amend the Complaint is ALLOWED as to Count VII and VIII and DENIED as to Count VI.

 The defendant does not oppose the addition of count VII and count VIII to the complaint, so this court will allow Kimberly to Amend its Complaint as to those counts.

 Even though the intentional torts against Southbridge are barred by MTCA, the plaintiff can still assert those claims against Officer Iwanski, including the assault and battery claim.