The defendant, X.Z., appearing pro se, appeals from the issuance of a permanent abuse prevention order entered by a judge of the District Court. The plaintiff, H.D., initially obtained an ex parte order in 2013, which was extended multiple times. On August 30, 2016, a further extension hearing took place. Both the plaintiff and the defendant appeared, and the order was extended permanently. Throughout the pendency of the order, the defendant filed numerous motions to modify or vacate the order. In light of the defendant's filings, the judge issued an order that the "[d]efendant is not allowed to file anymore motions ... [and] he can only file [an] appeal."
To the best that we can discern, the defendant appeals from the issuance of the permanent abuse prevention order and the denial of his motion to modify the order. The defendant argues that the permanent abuse prevention order is "invalid" for two reasons: (1) the law does not provide for an extension of an abuse prevention order beyond one year, and (2) his name is misspelled on the order. The defendant additionally argues that the judge erred in denying his motion for modification of the order seeking to remove his daughter, C.Z., and Brockton High School from the permanent order because C.Z. has reached the age of majority and C.Z. has graduated from Brockton High School.
1. Validity of permanent order. We review the extension of an abuse prevention order, entered pursuant to G. L. c. 209A, for an abuse of discretion or error of law. Crenshaw v. Macklin, 430 Mass. 633, 636 (2000). The abuse prevention statute explicitly provides that a judge may enter a permanent order upon expiration of a temporary order. It states:
"[A judge] shall determine whether or not to extend the order for any additional time reasonably necessary to protect the plaintiff or to enter a permanent order."
G. L. c. 209A, § 3, inserted by St. 1990, c. 403, § 3. The statute "empowers a judge in the District Court (or any other court with jurisdiction to consider the matter) to issue a permanent protective order at a renewal hearing." Crenshaw, supra at 633. The only criterion for extending the original order is a showing of continued need for the order. See Iamele v. Asselin, 444 Mass. 734, 739 (2005). The defendant has failed to provide us with the transcript from the August 30, 2016, hearing. Without an adequate record on appeal, we are unable to provide a substantive review of the judge's decision to enter the permanent order. See Mass.R.A.P. 16(a)(4), as amended, 367 Mass. 921 (1975); Davis v. Tabachnick, 425 Mass. 1010 (1997) (court refused to address merits of pro se appellant's claims where appendix did not contain necessary record materials; pro se appellants held to same standard as litigants represented by counsel).[2]
2. Motion for modification. The record reflects that C.Z. was at least eighteen years old at the time that the order was made permanent. She had been made a part of the order as a minor child in the custody of the plaintiff. While abuse prevention orders are sometimes modified to reflect that minor children under the order have reached the age of majority, see Vittone v. Clairmont, 64 Mass. App. Ct. 479, 481 n.3 (2005) (adult child removed from abuse prevention order when it was made permanent), we have an inadequate record to determine what should have taken place (or indeed what did take place) here. See Davis, supra. We therefore remand this case for further hearing on the defendant's motion to modify the order requesting deletion of C.Z. and Brockton High School from the permanent order.
3. Order precluding defendant from filing motions. Finally, the defendant objects to the judge's order precluding him from filing further motions. While we are cognizant of the burden that excessive filings place on the District Court, an order absolutely prohibiting an individual from filing motions may be viewed as denying access to the courts.[3] See Brookline v. Goldstein, 388 Mass. 443, 448-449 (1983). A better practice may be to impose a condition that will curtail frivolous filings, yet allow legitimate issues to be addressed, for example, permitting filings but requiring them to be brought to the attention of a supervising judge, who can determine whether they merit a hearing. See Camoscio v. Hodder, 409 Mass. 1001 (1991), cert. denied, 500 U.S. 906 (1991). We therefore vacate so much of the order as precludes the defendant from filing any further motions.
This case is remanded for further hearing on the defendant's motion to modify the permanent order. The clerk's office is directed to make best efforts to notify C.Z. of the hearing, as well as the plaintiff. In all other respects, the permanent order is affirmed.
So ordered.
Vacated in part and remanded; affirmed in part.

The defendant's argument that the order is invalid because his name is misspelled fails because he has not provided us with any supporting authority. See Kellogg v. Board of Registration in Med., 461 Mass. 1001, 1003 (2011) (appellant failed to support claims of error with sufficient legal argument or factual detail and failed to cite sufficient supporting authority).

Even after the entry of a permanent order, the defendant may, at some point, have legitimate grounds to challenge it. See MacDonald v. Caruso, 467 Mass. 382, 387-391 (2014).