JANE DOE vs. TOWN OF BLANDFORD & others.[1]

Hampshire.   March 7, 1988. — July 13, 1988.

Present: HENNESSEY, C.J., LIACOS, ABRAMS, NOLAN, & O'CONNOR, JJ.

*Massachusetts Tort Claims Act. School and School Committee,* Regional
school district, Liability for tort. *Agency,* Scope of authority or employ-
ment. *Practice, Civil,* Presentment of claim under Massachusetts Tort
Claims Act.

A regional school district made up of seven member towns was a "district"
within the meaning of G. L. c. 258, § 1, and was a "body politic and
corporate" that might "sue and be sued" as provided by G. L. c. 71,
§ 16 (*b*), and thus the school district, not the member towns, was the
proper party to be sued as a public employer in an action brought pursuant
to G. L. c. 258, § 2. [833-835]
Twenty-eight members and former members of a regional district school
committee, sued individually for negligence in hiring, failing to super-
vise, and failing to fire a certain guidance counsellor, were not entitled
to summary judgment, where no facts were before the motion judge on
the issue whether the individual defendants had acted within the scope
of their employment so as to be exempt from liability under G. L.
c. 258, § 2. [835]
In the circumstances of a civil action, certain public employees' motions
for summary judgment were properly denied where the record before
the motion judge contained no information to support their contentions
that the plaintiff's claims were barred by G. L. c. 258, § 10 (*a*) and
(*b*). [835-836]
A claim in a civil action brought against certain public employees for their
negligence in hiring, failing to supervise and failing to fire a guidance
counsellor who indecently assaulted a student, was not barred by the
provisions of G. L. c. 258 § 10 (*c*), which exclude from governmental

[1] Towns of Chester, Huntington, Middlefield, Montgomery, Russell, and
Worthington; Gateway Regional School District School Committee; past
and present members of the Gateway Regional School District School Com-
mittee; Dana O. Webber, superintendent of the Gateway Regional School
District in 1968; Stephen C. McKinney, superintendent of the Gateway
Regional School District after 1968; Richard K. Sullivan, principal of the
Gateway Regional School District High School in 1968; and James H.
Lutat, Sr., principal of the Gateway Middle School after 1968.

liability claims "arising out of" intentional torts, where the alleged negligence of the defendants, and not the assault, was the true focus of the case. [836-838]

It was to be determined, on remand of a civil action brought against a public employer, whether the plaintiff properly presented her claims to the appropriate members of the defendant regional district school committee. [838-839]

The plaintiff in a civil action against a public employer failed to establish the making of a timely presentment pursuant to G. L. c. 258, § 4, with respect to one count of her complaint that was not based on a continuing event such as would toll the two-year presentment requirement. [839]

CIVIL ACTION commenced in the Superior Court Department on September 22, 1986.

Motions for summary judgment were heard by *Raymond R. Cross, J.*

A motion for leave to file an interlocutory appeal was allowed in the Appeals Court by *Rudolph Kass, J.*

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Patricia A. Bobba* for the defendants.

*Mark E. Draper (Joseph P. Pessolano* with him) for the plaintiff.

LIACOS, J. The plaintiff, Jane Doe, filed suit against the defendants pursuant to the Massachusetts Tort Claims Act. G. L. c. 258 (1986 ed.). The defendants are: (a) the seven towns that agreed to form the Gateway Regional School District; (b) the Gateway Regional School District school committee (school committee); (c) twenty-eight past and present individual members of the school committee; (d) the past principal of the Gateway Middle School; and (e) two former Gateway Regional School District school superintendents.

The complaint alleges that the defendants were negligent in hiring, failing to supervise, and failing to fire Thomas Shaughnessy, a guidance counsellor at the Gateway Middle School. The defendants answered the complaint and, a short time thereafter, filed motions for summary judgment. A judge of the Superior Court in Hampshire County denied the motions without an opinion. A single justice of the Appeals Court

allowed the defendants' motion for leave to pursue an inter-locutory appeal. We transferred this case on our own motion. We conclude that the denial of the motions for summary judg-ment was correct in part and erroneous in part. We order the case remanded for further proceedings consistent with this opin-ion.

The plaintiff alleges the following in her complaint. Prior to 1968, the seven defendant towns entered into an agreement to, and did, form the Gateway Regional School District (dis-trict) pursuant to G. L. c. 71, §§ 15-16I (1986 ed.). In 1968, Shaughnessy was employed as a teacher and guidance counsel-lor at Gateway Middle School. Prior to his employment by the district, Shaughnessy had been placed on probation for the assault and battery of a female student enrolled at a Connecticut school where Shaughnessy had been employed as a teacher and guidance counsellor.

From 1981 to 1983, the plaintiff was enrolled at Gateway Middle School. During that time, Shaughnessy met with the plaintiff on several occasions in his capacity as guidance coun-sellor and "did, without the lawful consent of the Plaintiff . . . inflict harm upon the person of the Plaintiff." On November 15, 1983, Shaughnessy pled guilty in a Hampshire County District Court to indecent assault and battery of the plaintiff.

The first count of the plaintiff's complaint alleges that the defendant towns, as public employers of public employees who were acting within the scope of their employment, the defendant school committee, and the individual defendants wrongfully and negligently failed to perform their duties by hiring Shaughnessy. The second count alleges that the same defendants wrongfully and negligently performed, or failed to perform, their duties by retaining Shaughnessy as an employee after receiving complaints from female pupils concerning im-proper conduct by Shaughnessy. The third count alleges that the defendants wrongfully and negligently performed, or failed to perform, their duties by failing adequately to control and to supervise Shaughnessy.

The defendant towns first contend that, if the plaintiff states a claim, it is against the district and not the seven towns which

created the district. General Laws c. 258, § 2, as amended by St. 1984, c. 279, § 1, provides in part: "Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment." According to the defendant towns, the district, not the towns, is the public employer, and thus the towns' motions for summary judgment should have been granted. General Laws c. 258, § 1, as appearing in St. 1983, c. 537, defines public employer: " 'Public employer,' the commonwealth and any county, city, town, educational collaborative, or *district*, including any public health district or joint district or regional health district or regional health board . . . which exercises direction and control over the public employee . . ." (emphasis supplied).

The Gateway Regional School District comes within the meaning of the word "district." The language in § 1 which follows district, "including any public health district or joint district or regional health district or regional health board," is illustrative, not limiting. Regional school districts are established in much the same way as regional health districts. Compare G. L. c. 71, § 15, with G. L. c. 111, § 27B (1986 ed.). Additionally, G. L. c. 71, § 16, provides that a regional school district is a "body politic and corporate" and may "sue and be sued" to the extent and on the same conditions that a town may sue or be sued. G. L. c. 71, § 16 (*b*). We do not accept the plaintiff's argument that the district is the equivalent of a local school committee, which would make the towns the public employers by virtue of the last sentence of c. 258, § 1.[2] Had the Legislature intended regional school districts not to be public employers for the purposes of G. L. c. 258, but to be treated like a school committee of a city or town, it could have included language as to regional school districts in the last sentence of G. L. c. 258, § 1. It did not. Thus, we conclude

---

[2] This sentence states: "With respect to public employees of a school committee *of a city or town*, the public employer for the purposes of this chapter shall be deemed to be said respective city or town" (emphasis supplied).

that the district is the public employer and the defendant towns' motions for summary judgment should have been granted.[3]

The individual defendants contend that, as public employees, G. L. c. 258, § 2, relieves them of any liability. The pertinent part of G. L. c. 258, § 2, provides: "[N]o . . . public employee or the estate of such public employee shall be liable for any injury or loss of property or personal injury or death caused by his negligent or wrongful act or omission while acting within the scope of his office or employment . . . ."

As the record of this case now stands, a complaint was filed, the individual defendants answered the complaint and filed motions for summary judgment. None of the individual defendants filed an affidavit stating that he or she was acting within the scope of his or her employment during the times relevant to this case. This case is unlike the situation in *Taplin* v. *Chatham,* 390 Mass. 1, 2 (1983), where the judge dismissed claims against individual defendants pursuant to G. L. c. 258, § 2, based on uncontroverted affidavits filed by the individual defendants, stating that they were acting within the scope of their employment. At the time the summary judgment motions in this case were heard, the judge had before him no facts on the issue whether the individual defendants were, or were not, acting within the scope of their employment. While it is true that the hiring and firing of teachers generally is within the purview of a school committee's responsibilities, *Davis* v. *School Comm. of Somerville,* 307 Mass. 354, 362 (1940), nothing in this case establishes whether these defendants acted in accordance with set procedures and within the scope of their employment. Thus, the denial of the motion for summary judgment for the individual defendants, in their capacity as public employees, was, on these grounds, proper.

The defendant public employees further argue that the plaintiff's claims against them are barred by G. L. c. 258, § 10.

---

[3] The plaintiff claimed at oral argument that the district has no power to raise funds or to allocate funds to pay an adverse judgment, thus the towns should not be removed from the suit. General Laws c. 71, § 16 (*f*), gives regional school districts the power to receive and disburse funds for any district purpose. Payment by the district of a judgment against it would be for a "district purpose."

General Laws c. 258, § 10, inserted by St. 1978, c. 512, § 15, sets out four exceptions, three of which the public employee defendants contend are pertinent here. General Laws c. 258, § 10 (*a*), excludes "any claim based upon an act or omission of a public employee when such employee is exercising due care in the execution of any statute or any regulation of a public employer, or any municipal ordinance or by-law, whether or not such statute, regulation, ordinance or by-law is valid." The defendants assert that the hiring, supervising, and firing of teachers is a function provided for by statute. In so arguing, the defendants read out of the statute the requirement that the public employee exercise "due care" in performing statutory duties. Whether the defendants here did exercise due care in the hiring, firing, or supervising of Shaughnessy cannot be determined on the record as it now stands. There was no error, on this ground, in the denial of the motion for summary judgment filed by the public employees.

Subsection (*b*), the second provision of G. L. c. 258, § 10, provides an exception for "any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused." Again, the record is bereft of any information as to the role each of the public employees played, if any, with regard to the plaintiff's allegations. Thus, their motion for summary judgment was denied properly to the extent that they relied on this ground.

The third exclusion that the public employee defendants rely upon is found in G. L. c. 258, § 10 (*c*), which provides that governmental liability is not to attach to "any claim arising out of an intentional tort, including assault, battery, false imprisonment, false arrest, intentional mental distress, malicious prosecution, malicious abuse of process, libel, slander, misrepresentation, deceit, invasion of privacy, interference with advantageous relations or interference with contractual relations." G. L. c. 258, § 10 (*c*). The defendants argue that the wording of the plaintiff's complaint alleging negligence should not

obscure the true nature of the claim, which is one arising out of an assault and battery.

The essence of the arguments raised by the public employees here and below, although cast originally in the form of a motion for summary judgment, is that of a motion to dismiss under Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974). See *Ortiz v. Hampden County,* 16 Mass. App. Ct. 138 (1983). Thus, we consider this argument in light of the question whether the allegations in the plaintiff's complaint reveal that there is no set of facts which, if proved, would entitle her to relief. See *Nader v. Citron,* 372 Mass. 96, 98 (1977). We have not had occasion to address the issue of the scope of the § 10 (*c*) exclusion. There is a significant split of authority as to the interpretation, under the nearly identical provision of the Federal Tort Claims Act, 28 U.S.C. § 2680 (h) (1982), of what claims may be considered as "arising out of" intentional torts. Some courts use a broad interpretation of the intentional tort exception, retaining a large measure of governmental immunity. See, e.g., *Jimenez-Nieves v. United States,* 682 F.2d 1, 3-6 (1st Cir. 1982); *Gaudet v. United States,* 517 F.2d 1034, 1035 (5th Cir. 1975).[4] Other courts read the intentional tort exception narrowly, thereby allowing actions to be brought against the government when a claim independent of the intentional tort is alleged. See, e.g., *Bennett v. United States,* 803 F.2d 1502 (9th Cir. 1986); *Quinones v. United States,* 492 F.2d 1269, 1279-1281 (3d Cir. 1974). Our own Appeals Court, in *Ortiz v. Hampden County, supra,* was persuaded that the narrow interpretation was correct and allowed a suit alleging negligent record keeping to be brought after the plaintiff was

---

[4] The United States Supreme Court discussed this issue in *United States v. Shearer,* 473 U.S. 52 (1985). The case involved a suit by the mother of a murdered Army private against the Army for failing to supervise the soldier who murdered her son. The Court, in reversing the United States Court of Appeals for the Third Circuit, denied liability on two grounds. In part IIA of the opinion, four of the Justices broadly interpreted the provision, stating that the negligence claim was barred because it arose out of an assault and battery. *Id.* at 54-57. In part IIB, *id.* at 57-59, all eight members of the Court who participated in the case agreed that the *Feres* doctrine (see *Feres v. United States,* 340 U.S. 135 (1950]) barred claims under the Federal Tort Claims Act on behalf of a soldier injured by another soldier.

imprisoned falsely. We also are persuaded that the narrow construction of the exclusion is the appropriate one. The Legislature, by excluding intentional torts from the waiver of governmental immunity, sought to insulate the government from liability for intentional conduct which it had not authorized. In this case, where the defendants allegedly had, or should have had, knowledge of Shaughnessy's assaultive behavior, the negligence of the defendants is the true focus of the case. The claim is not barred by G. L. c. 258, § 10 (*c*).

The final issue raised by the defendants deals with when, and to whom, the plaintiff presented her claim as required by G. L. c. 258, § 3. General Laws c. 258, § 4, inserted by St. 1978, c. 512, § 15, provides in pertinent part: "A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose . . . ." First, the defendants contend that the plaintiff did not make a presentment to the executive officer of the district, the public employer, and that presentment to the towns is insufficient. In an affidavit, the plaintiff's counsel states that presentments were made to the selectmen of each town, the middle school principal, the school superintendent, and members of the regional school district committee.

In *Holahan* v. *Medford,* 394 Mass. 186, 189 (1985), we observed that the purpose of the presentment requirement "is to allow the public employer to investigate any claim in full and to 'arbitrate, compromise or settle' any such claim as it sees fit. . . . The statute requires presentment to be made to the official with the capacity to negotiate or settle the claim . . . ." General Laws c. 71, § 16A, as amended through St. 1983, c. 149, vests in the regional district school committee "[t]he powers, duties and liabilities of a regional school district." "Executive officer of a public employer," is defined in G. L. c. 258, § 1, as the "committee of a district in the case of the public employers of a district." It is the regional school district committee that has the power "to negotiate or settle

the claim," *Holahan* v. *Medford, supra.* The district is the public employer and therefore must have received notice of the plaintiff's claim.

The record shows that various members of the district were served with a presentment, but does not reveal whether the presentment was made to the appropriate members of the district school committee. Additionally, it is unclear whether the presentments made were given the members as such or solely as public employees. Thus, on remand, a hearing must be held to determine whether proper presentment was made to the district school committee.

The defendants argue that the presentment made by the plaintiff was not timely. Although there is some dispute in the record, it appears that presentments were made in March, 1984. Thus, the plaintiff must show that her cause of action arose no earlier than March, 1982. The plaintiff alleges that the defendants were negligent in hiring, supervising, and failing to fire Shaughnessy. The hiring occurred in 1968. The acts which are the basis for the negligence claim allegedly occurred from 1981 to 1983. Where the tortious conduct is a continuing event, the two-year presentment requirement is tolled. See *Sixty-Eight Devonshire, Inc.* v. *Shapiro,* 348 Mass. 177, 183-184 (1964). This is in accord with Federal cases decided under the Federal Tort Claims Act. *Gross* v. *United States,* 676 F.2d 295, 300 (8th Cir. 1982). *Maslauskas* v. *United States,* 583 F. Supp. 349, 351 (D. Mass. 1984). The March, 1984, presentments, if sent to the proper party, were sent within two years after the plaintiff's continuing cause of action under counts II and III arose. As to the alleged negligent hiring in 1968 (count I), this clearly does not involve a continuing tort, and, thus, as to count I, there was no timely presentment. Count I should be dismissed.

To summarize, we vacate the order denying the towns' motions for summary judgment and order entry of summary judgment as to the towns. We vacate the order denying summary judgment as to the public employee defendants as to count I of the plaintiff's complaint. We affirm the denial of the public employee defendants' motion for summary judgment as to

counts II and III of the complaint. Plaintiff shall have twenty days from the entry of rescript to move to amend her complaint by adding the Gateway Regional School District as a necessary party, otherwise the complaint as to the public employer shall be dismissed. The regional school district (if added) and the public employee defendants shall have the right to raise the issue whether proper presentment was made as to counts II and III. Should the plaintiff fail to establish the making of timely presentment pursuant to G. L. c. 258, § 4, judgment for all defendants shall enter. *Pruner* v. *Clerk of the Superior Court,* 382 Mass. 309, 315-316 (1981).

*So ordered.*