Michael MELENDEZ, Maria Melendez, Diana Melendez, Raymond Zayas, and Isaac Ortiz, Plaintiffs,

v.

CITY OF WORCESTER, John Bishop, James Moore, William O'Connor, William Trotta, Angelo Naples, William Donovan, Steven Sargent, Frederick McGill, Stephen Kelly, James Gemma, and Donald Carlson, Defendants.

Civ. A. No. 91–40174–NMG.

United States District Court, D. Massachusetts.

Dec. 14, 1994.

Gerald P. Stewart, Howard Friedman, Jo Ann Citron, Law Offices of Howard Friedman, Boston, MA, for plaintiffs.

Donald V. Rider, Jr., City of Worcester Law Dept. Gary S. Brackett, Brackett & Lucas, Diana H. Horan, Office of City Sol., Worcester, MA, for defendants.

## MEMORANDUM AND ORDER

GORTON, District Judge.

The plaintiffs, Michael Melendez, Maria Melendez, Diana Melendez, Raymond Zayas and Isaac Ortiz ("the plaintiffs"), brought this action on December 2, 1991, against eleven individual police officers and the City of Worcester ("the defendants"). The plaintiffs have alleged violations of their federal and state constitutional rights, malicious prosecution, assault and battery, and negligence.

On June 28, 1994, the parties entered a stipulated dismissal of all counts brought against defendants Steven Sargent, Frederick McGill, Stephen Kelly and James Gemma. The parties also stipulated the dismissal of one of the two counts brought against the City of Worcester ("the City"). This Court now considers defendants' motion for summary judgment on the remaining counts still pending against them.

## I. BACKGROUND

As required by the case law of this Circuit, the relevant facts are recited in the light most favorable to the plaintiffs, the nonmoving party. *O'Conner v. Steeves,* 994 F.2d 905, 907 (1st Cir.1993).

On December 31, 1989, during Worcester's "First Night" celebration, Officer Steven Sargent, of the Worcester Police Department, arrested plaintiff Michael Melendez for allegedly waving a knife in public. Shortly thereafter, Officer Sargent arrested plaintiff Raymond Zayas for his alleged involvement in a fight. Melendez and Zayas were handcuffed and taken to the Worcester police station.

At the police station, Melendez and Zayas were placed in a holding cell. They both banged on the door of the holding cell in

order to get a police officer to loosen their handcuffs, which, they claimed, were too tight. Unnamed police officers removed Melendez, without loosening his handcuffs, and placed him in another cell, where he was shackled and left as the sole detainee. A few minutes later, the police officers returned, picked Melendez up by the chains, and dropped him to the cell floor.

Meanwhile, Officers Angelo Naples and William Donovan entered the original cell where Zayas was still being held. They forced Zayas down on the floor, shackled his hands and feet together and left him "hogtied" for approximately forty to forty-five minutes. Zayas, who was in pain and was crying, urinated on himself during that time. Eventually, Officers Naples and Donovan, accompanied by Officer Carlson, reentered the cell and removed the shackles from Zayas. Zayas was then taken to the hospital for treatment of the pain in his wrists and shoulders.

Later that same night, Maria and Diana Melendez (Michael Melendez' mother and sister) and Isaac Ortiz arrived at the Worcester Police Department to post bail for Michael Melendez and Raymond Zayas. In the lobby of the police station, an unknown hispanic woman, who did not speak English, heard a rumor that the police were beating a Spanish-speaking male in the holding cell. Because that woman was concerned that the man referred to was her son, she asked Maria Melendez to inquire about the rumor. While Maria was inquiring, Michael arrived from the holding cell and Lieutenant Trotta and Officer Bishop entered the lobby.

According to Maria Melendez, Lieutenant Trotta yelled obscenities at her and ordered her and her son out of the police station while poking her in the face. When Maria pushed Trotta's hand away from her face, Officer O'Connor grabbed her, pushed her against the wall, knocked her down to the floor and arrested her.

When Officer O'Connor arrested Maria, Diana screamed, "Leave her alone." Officer Bishop then pushed Diana, who was pregnant, into a table and arrested her. Michael, meanwhile, approached his sister, but, before he could reach her, an unknown officer hit him in the mouth and knocked him to the ground and he was arrested for a second time.

Finally, the plaintiffs claim that Officer Moore arrested plaintiff Ortiz solely for his association with the other plaintiffs. While arresting Ortiz, Officer Moore hit him and twisted his arm behind his back.

## II.  SUMMARY JUDGMENT

■ Summary Judgment shall be rendered where the pleadings, discovery on file and affidavits, if any, show "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The Court must view the entire record in the light most favorable to the plaintiffs, the nonmoving party in this case, and indulge all reasonable inferences in their favor. *O'Conner,* 994 F.2d at 907.

With respect to a motion for summary judgment, the burden is on the moving party to show that "there is an absence of evidence to  upport the non-moving party's case." *FDIC v. Municipality of Ponce,* 904 F.2d 740, 742 (1st Cir.1990), *quoting Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the movant satisfies that burden, it shifts to the nonmoving party to establish the existence of a genuine material issue. *Id.* In deciding whether a factual dispute is genuine, this Court must determine whether "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986); *accord Aponte–Santiago v. Lopez–Rivera,* 957 F.2d 40, 41 (1st Cir.1992) *(citing Anderson ).* The nonmovant's assertion of mere allegation or denial of the pleadings is insufficient on its own to establish a genuine issue of material fact. Fed.R.Civ.P. 56.

## III.  DISCUSSION

### A.  Individual Police Officers

■ The defendants have filed a motion for summary judgment on behalf of the City and eight individual police officers, including

Officer Steven Sargent. The parties in this case, however, have since entered a stipulation of dismissal of all counts brought against Officer Sargent. This Court, therefore, will rule that the motion for summary judgment is moot with respect to Officer Sargent.

Because of the stipulation of dismissal, there are claims pending against only seven of the original eleven individual defendants.[1] Those defendants argue that they are entitled to summary judgment on all of the claims pending against them.

The defendants have submitted affidavits to the Court in support of their motion for summary judgment. Those affidavits describe the events surrounding the arrests of the plaintiffs. With those affidavits, the defendants have carried their initial burden of showing an absence of evidence supporting the plaintiffs' case. *See Municipality of Ponce,* 904 F.2d at 742. The burden, therefore, shifts to the plaintiffs to show the existence of a genuine issue of material fact that precludes summary judgment. *Id.*

The plaintiffs also have submitted numerous affidavits. Those affidavits reflect a very different scene at the Worcester Police Station on the night of December 31, 1989. Most importantly, those affidavits present a question of fact. If the events occurred as the plaintiffs claim, the defendants could be found liable for federal and state constitutional violations, assault and battery, and malicious prosecution. Therefore, because the plaintiffs have established the existence of a genuine issue of material fact, the Court will deny the motion of the seven individual police officers for summary judgment.

### B. The City of Worcester

■ The only count still pending against the City is a claim brought under M.G.L. c. 258. The plaintiffs claim that the City is liable under Chapter 258 for the negligence of its employees, the Worcester police officers. In its motion for summary judgment, the City argues that it is not liable under Chapter 258 because the officers allegedly committed *intentional* torts and that statute exempts a public employer from liability for its employees' intentional torts.

■ As the City suggests, it is not liable for the alleged intentional torts or false arrests committed by its employees. M.G.L. c. 258, § 10(c). The plaintiffs, however, allege that the officers were *negligent* in several ways, including:

1. the use of excessive physical force to effect an arrest;
2. locking the handcuffs too tightly; and
3. not providing adequate supervision.

If those allegations are true, the City would be liable under the cited statute for the officers' negligence. *See Doe v. Town of Blandford,* 402 Mass. 831, 525 N.E.2d 403, 407–08 (1988) (holding that town could be liable for school committee members' negligent hiring and supervision of guidance counselor).

Finally, the City claims that there is insufficient evidence to support the plaintiffs' allegations of negligence. Based upon the plaintiffs' affidavits, however, the Court finds that there are significant material facts in dispute that preclude summary judgment in this case. *See* Fed.R.Civ.P. 56(c).

Accordingly, because the City could be liable for the officers' negligence under M.G.L. c. 258, and because there are material facts in dispute, this Court will deny the City's motion for summary judgment on Count 4 of the plaintiffs' Second Amended Complaint.

### ORDER

For the foregoing reasons, it is hereby ORDERED:

1) the motion of Steven Sargent for summary judgment is declared **MOOT,**

2) the motion of the seven remaining individual defendants for summary judgment is **DENIED,** and

3) the motion of the City of Worcester for summary judgment on Count 4 is **DENIED.**

So Ordered.

---

1. The seven defendants who are still parties to this case are: John Bishop, James Moore, William O'Connor, William Trotta, Angelo Naples, William Donovan and Donald Carlson.