Quinlan, J.
The plaintiff, William Biavackas (“Biavackas”) filed suit for personal injury arising out of an automobile accident on November 10, 1992. Defendants Worcester State College (“College”) , Board of Trustees of State Colleges (“Board of Trustees”), Board of Regents of Higher Education (“Board of Regents"), Trustees of Worcester State College (“Trustees”), Dr. Kalyan Gosh, Worcester State College Police Department (“college police”) and Officer David Cormier move, pursuant to Mass.R.Civ.P. 12(b)(6), to dismiss the plaintiffs complaint on the grounds that it fails to state a claim upon which relief can.be granted. The defendants contend that the complaint is barred by G.L.c. 258, §10(h) and (j). For the reasons stated below, the defendants’ motion to dismiss is allowed.
BACKGROUND
Biavackas alleges that Michael Heffernan (“Heffernan”), a student at the college became “obviously intoxicated’’ at an unauthorized party held in a student’s dorm room. Biavackas, also a student at the college, was seriously injured when Heffernan left the party intoxicated and drove his vehicle from the college campus into the wrong lane of travel and collided with a vehicle operated by Biavackas.
Biavackas further alleges that the resident assistant employed by the college on the evening of November 20, 1992, occupied the dorm room immediately adjacent to the dorm room in which the college students and guests, including Heffernan were consuming alcohol. Biavackas contends that the resident assistant took no steps to prevent the students and guests from becoming intoxicated even though the Tuesday night party was in clear violation of college rules and regulations.
Heffernan then left the party and against the advice of other students attempted to enter his vehicle and to operate it. Students at the party notified the college police to intervene and prevent Heffernan from operating the vehicle. When the college police arrived at the parking lot, they observed Heffernan start the vehicle and drive out of the parking lot.
DISCUSSION
When evaluating the sufficiency of a complaint pursuant to Mass.R.Civ.P. 12(b)(6), the court must accept as true the well pleaded factual allegations of the complaint as well as any inferences that can be drawn in the plaintiffs favor. Eyal v. Helen Broadcasting Corp., 411 Mass. 426, 429 (1991) (citations omitted). The complaint should not be dismissed unless it appears certain that the plaintiff can prove no set of facts to support the claim which would entitle the plaintiff to relief. Spinner v. Nutt, 417 Mass. 549, 550 (1994); Nader v. Citron, 372 Mass. 96, 98 (1977), quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). A complaint is not subject to dismissal if it could support relief under any valid theory of law. Whitinsville Plaza, Inc. v. Kotseas, 378 Mass. 85, 89 (1979).
The defendants contend that the complaint is barred by the public duly exception to the Massachusetts Torts Claims Act (“MTCA”) codified at G.L.c. 258, §10(h) and (j). Sections 10(h) and 10(j) state that the provisions of the MTCA abrogating the common law doctrine of absolute sovereign immunity, shall not apply to:
(h) any claim based upon the failure ... to provide adequate police protection, prevent the commission of crimes, investigate, detect or solve crimes, identify or apprehend criminals or suspects, arrest or detain suspects, or enforce any law, but not including claims based upon the negligent operation of motor vehicles, negligent protection, supervision or care of persons in custody, or as otherwise provided in clause (1) of subparagraph (j).
(j) any claim based on an act or failure to act to prevent or diminish the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not origi *24 nally caused by the public employer or any other person acting on behalf of the public employer . . .
G.L.c. 258, §10 (h) and (j).
Heffernan contends that the college is liable under §10(j) because the resident assistant, as agent of the college “originally caused” the situation by failing to prevent the party from taking place on the campus. Heffernan claims that the college police are also “originally liable” under §10(j) by failing to prevent the intoxicated student from driving off the campus. Justice O’Connor stated in her concurrence in Cyran v. Ware, 413 Mass. 452 (1992), a decision that predated the recent amendments to the MTCA, that public employers should not be liable for situations “in which the plaintiff has been harmed by a condition or situation which was not originally caused by the public employee, and is attributable to the employee only in the sense that the employee failed to prevent or mitigate it.” Cyran, supra at 467. Law Professor Joseph Glannon argues that “Justice O’Connor’s statement that there be something more than the pure failure to alleviate a private harm should be helpful in determining the scope of subsection (j).” Joseph W. Glannon, Liability for “Public Duties” Under the Tort Claims Act: The Legislature Reconsiders the Public Duty Rule, 79 Mass.L.Rev. 17, 26 ( 1994) (emphasis in original). Professor Glannon argues that § 10(j) “requires some involvement of a public employee in creating the initial injury-causing scenario, not simply a failure to respond adequately after it arises.” Id. (emphasis in original).
■ In the case at bar, after drawing all inferences in the Blavackas’ favor, it appears beyond doubt that Blavackas cannot prove that the resident assistant or the college police “originally caused” the situation. The “situation” which caused Blavackas to suffer injury was Heffernan’s own self-inflicted intoxication. The claim that the resident assistant’s failure to prevent the unauthorized party or respond adequately after the party occurred is specifically excluded from liability. Likewise, the claim that the college police failed to prevent the accident by allowing Heffernan to drive off the campus is also specifically excluded from liability. See Makynen v. Mustakangas, 39 Mass.App.Ct. 309 (1995) (officer who stopped an intoxicated driver for speeding on school property but took no further action was held not liable for an auto accident caused by the driver shortly afterwards).
Blavackas next contends that the college police are liable under § 10(j) (2) which provides that tort immunity shall not apply to “any claim based upon intervention of a public employee which causes injury to the victim or places the victim in a worse position than he was in before the intervention.” Blavackas contends that the arrival of the college police to the scene where Heffernan’s vehicle was parked and their failure to stop Heffernan from driving away caused Heffernan to leave the scene in an expedited manner and placed Blavackas in a worse position than he would have been in before the college police arrived. However, it is the opinion of this court that Blavackas can prove no set of facts to support this claim. Accordingly, the exemption provided by §10(j)(2) is not applicable to the present case.
Finally, Blavackas contends that the college is liable for the negligent hiring and negligent supervision of its resident assistant and its college police. An employer whose employees are brought into contact with the public has a duty to exercise care in the selection and retention of employees or the employer may be liable to an injured third party under a theory of negligent hiring or negligent retention. Foster v. Loft, Inc., 26 Mass.App.Ct. 289 (1988).
Blavackas cites Doe v. Blandford, 402 Mass. 831 (1988), to support his contention that the college is liable for the negligent hiring and training of its college police and housing staff, specifically the resident assistant. In Blandford, the school district’s guidance counselor pled guilty to indecent assault and battery on a female student. Id. at 833. The student’s suit against the school district for, inter alia, negligent hiring and negligent supervision survived the defendant’s motion for summary judgment where the evidence showed that the guidance counselor had been placed on probation for the assault and battery of another female student at a Connecticut school where he had been previously employed. Id. Further, the student alleged that the school district was negligent in failing to investigate several complaints from female pupils against this guidance counselor. Id.
None of the facts in Blandford are present in the instant case. The fact that an unauthorized party took place in a dorm room in which a student voluntarily became intoxicated is insufficient to support the claim that the college was negligent in hiring a resident assistant who was not present at the party. Also the fact that the college police arrived on the scene as Heffernan was leaving the parking lot and did not stop him is also insufficient to support a claim for negligent hiring of the college police. This court concludes that there is no evidence to suggest that the College, the Board of Regents, the Board of Trustees or the Trustees negligently hired or negligently supervised the college police or the resident assistant.
ORDER
For the foregoing reasons, it is hereby ORDERED that the defendants’ motion to dismiss be ALLOWED.