Leibensperger, Edward R, J.
INTRODUCTION
This case arises out of the unauthorized use of Lillian Haney’s picture in a series of advertisements by defendant, Ciiy of Boston, relating to the sale of foreclosed homes. Haney filed a verified complaint against the City alleging defamation (Count I), negligent infliction of emotional distress (Count II), and unauthorized use of her picture for advertising purposes (Count III). The matter is currently before the court on Haney’s motion for leave to amend the complaint to allege negligence with respect to Counts I and III. The Ciiy opposes the motion, arguing futiliiy, and asks the court to dismiss Counts I and III. For the reasons stated below, Haney’s motion for leave to amend is ALLOWED, and the City’s motion to dismiss is DENIED.
BACKGROUND
The following facts are taken from Haney’s complaint. Beginning around July 14, 2010, the City of Boston, Department of Neighborhood Development placed multiple advertisements throughout Roxbuiy and Dorchester that showed a picture of Haney standing on the front porch of her residential properly at twenty-six Brenton Street in Dorchester (the “foreclosure advertisements”). The advertisement included text that stated: “Are you looking to buy a foreclosed home in Boston? When you buy a foreclosed home in certain areas of Dorchester, Mattapan, Hyde Park, Roxbuiy, or East Boston, you may be able to receive up to $25,000 toward buying your home, or up to $60,000 toward renovating it!” Numerous people have contacted Haney to inquire about why her home is in foreclosure. Prior to bringing suit, Haney sent a presentment letter by certified mail to the City on September 25, 2010, informing the City of her claims in accordance with G.L.c. 258, §4. The City responded by letter on February 16, 2011, denying liability. Haney subsequently brought this action on July 20, 2012.
In her original complaint, Haney alleges that the advertisement was defamatory in that it tended to hold her up to hatred, scorn, or ridicule among a considerable and respectable segment of the community and caused, and continues to cause, actual harm to her reputation (Count I). The original complaint also states that the Ciiy “acted with at least some degree of negligence” with respect to the defamatory conduct. Count II of Haney’s original complaint alleges that she suffered emotional distress that was negligently inflicted by the City.[1] Count III of the original complaint alleges that the City “knowingly used the plaintiffs portrait or picture for advertising purposes or for the purposes of trade without her written consent” in violation of G.L.c. 214, §3A.
In response to the original complaint, the Ciiy filed a motion to dismiss Counts I and III on the ground that defamation (Count I) and unauthorized use of portrait or picture of a person (Count III) are intentional torts and the City is immune from lawsuits based on intentional torts under the Massachusetts Tort Claims Act. In response to the City’s motion, Haney moved for leave to amend her complaint to allege negligence with respect to Counts I and III.
Haney’s proposed amended complaint is substantially the same as the original complaint except that it explicitly alleges negligence with respect to Counts I and III. Specifically, Haney’s proposed amended complaint adds the word “negligently” to paragraph 12 of the original complaint so that it now reads “defendant negligently published ... a statement of fact of or concerning the plaintiff,” instead of “defendant published ... a statement of fact of or concerning the plaintiff.” Similarly, Haney’s proposed changes to Count III involve substituting the word “negligently” for “knowingly” in paragraph 22 of the complaint and adding the word “Negligent” before “Unauthorized use of portrait or picture of a person” in the title of Count III.
DISCUSSION
Standard of Review
Under Mass.RCiv.R 15(a), a party shall be given leave to amend her pleading when justice so requires. *200 As a general rule, leave to amend should be freely granted unless there are good reasons for denying the motion. See Mathis v. Massachusetts Elec. Co., 409 Mass. 256, 264 (1991). Reasons for denying the motion include “undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.” Id. (quoting Castellucci v. United States Fidelity & Guar. Co., 372 Mass. 288, 290 (1977)). Here, the issue presented is whether the proposed amendment would be futile.
Analysis Massachusetts Tort Claims Act
The Massachusetts Tort Claims Act (MTCA or Act) provides a statutory mechanism by which aggrieved persons may bring claims against the Commonwealth and its municipalities, counties, districts, and its employees and officers thereof. See G.L.c. 258, §§ 1 et seq. (2008 ed.). The Act provides a cause of action against government entities for persons harmed by the negligent act or omission of any public employee. Id. §2; see also Sharon v. City of Newton, 437 Mass. 99, 111 (2002) (purpose of Act is to provide remedy for persons injured as a result of the negligence of government entities). The Act does not completely abrogate the Commonwealth’s sovereign immunity but “simply removéis] the defense of immunity in certain tort actions against the Commonwealth, municipalities, and other governmental subdivisions.” Spring v. Geriatric Auth. of Holyoke, 394 Mass. 274, 285 (1985) (quoting Dinsky v. Framingham, 386 Mass. 801, 804 (1982)).
In particular, the MTCA preserves the City’s immunity with respect to “any claim arising out of an intentional tort, including . . . libel, slander . . . [or] invasion of privacy.” G.L.c. 258, § 10(c); see also Lafayette Place Associates v. Boston Redevelopment Auth., 427 Mass. 509, 534 (1998) (MTCA excepts intentional torts from its waiver of sovereign immunity); Spring v. Geriatric Auth. of Holyoke, 394 Mass. at 284-85 (1985) (municipalities are not liable for intentional torts of employees). “The Legislature, by excluding intentional torts from the waiver of governmental immunity, sought to insulate the government from liability for intentional conduct which it had not authorized.” Doe v. Town of Blandford, 402 Mass. 831, 838 (1988). The list of specific intentional torts is illustrative rather than exhaustive and, accordingly, § 10(c) has been interpreted to bar intentional torts not specifically enumerated therein. See Kelley v. LaForce, 288 F.3d 1, 13 (1st Cir. 2002); Rezendes-Walsh v. City of Boston, 6 Mass. L. Rptr. 192, 193-94 (Mass.Super. 1996). When the intentional tort exception is invoked, the exception is to be interpreted narrowly against the public entities asserting it. Forbush v. City of Lynn, 35 Mass.App.Ct. 696, 699-700 (1994) (citing Town of Blandford, 402 Mass. at 837-38).
Count I — Defamation
In general, a person is actionably defamed when he is exposed to public hatred, ridicule, or contempt to a considerable and respectable class in the community. See Draghetti v. Chmielewski, 416 Mass. 808, 811 (1994) (publication is defamatory where “the writing discredits the plaintiff in the minds of any considerable and respectable segment in the community”) (internal quotations omitted); see also Restatement (Second) of Torts §559 (1977). Defamation encompasses the torts of libel and slander. See Ravnikar v. Bogojavlensky, 438 Mass. 627, 629 (2003); Draghetti, 416 Mass. at 814, n.4. Libel refers to defamatory statements which are published in writing or some other equivalent medium, while slander refers to defamatory statements made orally. Id. A defamatory communication may consist of direct or indirect statements of facts and need not be a flat declaration. See Mihalik v. Duprey, 11 Mass.App.Ct. 602, 607 (1981) (defamatory insinuation or innuendo may be actionable); see also Restatement (Second) of Torts §565.
Haney seeks to avoid the exception from liability for intentional torts imposed by G.L.c. 258, §10(c), by asserting that the City negligently defamed her. Haney’s proposed amended complaint alleges that the City negligently published a statement of fact of or concerning her in the foreclosure advertisements.
In order to impose liability for the publication of defamatory statements, a plaintiff must demonstrate some degree of fault of the part of the publisher. Jones v. Taibbi, 400 Mass. 786, 797 (1987). The level of fault which must be proved depends on whether the plaintiff is a private person or a public official or public figure. Id. While a showing of actual malice on the part of the publisher is required where the plaintiff is a public figure, see New York Times Co. v. Sullivan, 376 U.S. 254, 283 (1964), the Supreme Judicial Court adopted negligence as the Massachusetts standard of liability for defamation of a private person. Stone v. Essex County Newspapers, Inc., 367 Mass. 849, 858 (1975); see also Restatement (Second) of Torts, §580B (one who publishes a false and defamatory communication concerning a private person is subject to liability if he acts negligently in failing to ascertain the truth or falsity of the communication). In Stone, the court held that “private persons, as distinguished from public officials and public figures, may recover compensation on proof of negligent publication of a defamatory falsehood.” 367 Mass. at 858. Subsequent cases have confirmed that a private person may recover compensation for defamatory publications upon on a showing of negligence. See Jones v. Taibbi, 400 Mass. at 799 (a private person “need prove only the negligent publication of a defamatory falsehood to recover from the defendants for actual damages”); New England Tractor-Trailer Training of Connecticut Inc. v. Globe Newspaper Co., 395 Mass. 471, 479 (1985) (“plaintiff may establish that the defendant’s words *201 were of and concerning the plaintiff by proving at least that the defendant was negligent in publishing words which could reasonably be interpreted to refer to the plaintiff’); Appleby v. Daily Hampshire Gazette, 395 Mass. 32, 35-38 (1985) (discussing the “negligence standard” adopted in Stone); Schrottman v. Barnicle, 386 Mass. 627, 630 (1982) (“[t]here is no question that the plaintiff is a private person and that under current standards, a private person may recover for libel upon proof that the defendant acted negligently in publishing defamatory material”). “Under the negligence standard adopted in Stone v. Essex County Newspapers Inc., supra, the defendants are required to act ‘reasonably in checking on the truth or falsity ... of the communication before publishing it.’ ” Jones v. Taibbi, 400 Mass. at 799 (quoting Appleby v. Daily Hampshire Gazette, 395 Mass. at 36).
While the defendant in Stone was a media defendant, the court did not expressly limit its holding to media defendants and it has not been so limited in its application. Gilbert v. Bernard, 4 Mass. Law Rptr. 143, 144 (Mass.Super. 1995) (citing Dexter’s Hearthside Restaurant Inc. v. Whitehall Co., 24 Mass.App.Ct. 217, 220 (1987)); see also Restatement (Second) of Torts §580B, comment e (“[i]t would seem strange to hold that the press, composed of professionals and causing much greater damage because of the wider distribution of the communication, can constitutionally be held liable only for negligence, but that a private person . . . can be held liable at his peril. . . without any regard to his lack of fault”).
Given that a defamation claim by a private plaintiff may be based on conduct that is negligent, this court must determine whether the language of the G.L.c. 258, § 10(c), bars claims for libel based on the negligent, as opposed to intentional, publication of a defamatory falsehood. The language of the statute provides the City with immunity for “any claim arising out of an intentional tort,” including “libel” and “slander.” G.L.c. 258, § 10(c). The analysis turns on whether the use of the phrase “intentional torts” limits the applicability of the statute to claims based on intentional acts or is only intended to refer to the types of torts traditionally classified as intentional torts, regardless of the level of fault on the defendant’s part. In Doe v. Town of Blandford, 402 Mass. at 837-38, the Supreme Judicial Court discussed the differing interpretations that courts have adopted in considering whether a claim “arises out of’ an intentional tort — one broad, one narrow.[2] The court concluded that the narrow interpretation is the appropriate one because the “Legislature, by excluding intentional torts from the waiver of governmental immunity, sought to insulate the government from liability for intentional conduct which it had not authorized.” Id. at 838; see also Ortiz v. Hampden County, 16 Mass.App.Ct. 138, 140 (1983) (holding that plaintiffs false imprisonment claim is not barred by § 10(c) because “plaintiff in this case has alleged negligent record keeping by county employees as the offending governmental activity leading to his improper arrest and imprisonment, rather . .. [than] an intentional and unlawful confinement by the city police").
The court has found only one case concerning whether the language of G.L. 258, §10(c), bars a defamation claim made by a private person based on the negligent publication of a defamatory falsehood. In Lucas v. City of Boston, 2009 WL 1844288 at *31 (D.Mass. June 19, 2009), the court noted that it “is not entirely clear from the language of Mass. Gen. Laws ch. 258, § 10(c) whether governmental immunity is preserved for all claims of libel or whether the phrase ’’intentional torts" indicates the provision applies only to libel claims rooted in intentional conduct." (Emphasis in original.) In considering the issue, the court discussed the case of Garcia v. City of Harlingen, 2009 WL 159583 (S.D.Tex. Jan. 21, 2009), which addressed a similar issue implicating the Texas Tort Claims Act (TTCA). In Garcia the plaintiff alleged both negligence and actual malice in the context of a defamation claim. 2009 WL 159583 at *14. The court concluded that, “while the language alleging negligence ... potentially implicates the TTCA, the language alleging actual malice does not, and so to the extent that Plaintiff brings claim for defamation based on actual malice, the claim lies outside the TTCA’s waiver of immunity.”[3] Id. The Lucas court endorsed the reasoning of Garcia and, applying it to the case before it, concluded that “[t]o the extent the [defamation] claim is rooted in negligence, therefore, it arguably is not barred under the Massachusetts Tort Claims Act.” 2009 WL 1844288 at *31.[4] Thus, while §10(c) excludes intentional torts from the waiver of sovereign immunity, it does not bar claims rooted in negligence. This interpretation is consistent with the purpose of the MTCA, which is to provide a remedy for persons harmed by the negligence of government entities and their employees. See Sharon v. City of Newton, 437 Mass. at 111.
In Tilton v. Town of Franklin, 24 Mass.App.Ct. 110, 113 (1987), the court held that claims alleging libel and slander are barred by the MTCA because they are intentional torts among those specifically enumerated in § 10(c). Plaintiff in that case objected to certain hostile comments printed in his high school yearbook that suggested that he had been involved in defrauding the yearbook. The court did not explicitly discuss whether plaintiffs claim was based on negligent or intentional conduct, but the nature of the allegedly defamatory comments suggests the latter in that they could be construed as spreading false accusations against plaintiff.[5] In this case, Haney has moved to specifically ground her claim in negligence, and there is no suggestion that Haney was singled out in a similarly intentional manner. Additionally, Tilton was decided before the Supreme Judicial Court, in Doe v. *202 Town of Blandford, adopted the narrow interpretation of the phrase “arising out of’ as it appears in § 10(c). Accordingly, Tilton is not controlling here.
At the early stage of this proceeding, in light of the narrow interpretation of the phrase “arising out of’ adopted in Doe v. Town of Blandford, 402 Mass. at 837-38, and the reasoning endorsed in Lucas, 2009 WL 1844288 at *31, Haney’s motion for leave to amend her defamation claim to ground the action in negligence is not futile and therefore should be allowed.
The City’s motion to dismiss the defamation claim under Mass.R.Civ.P. 12(b)(6), however, must still be addressed. In Massachusetts, there is a heightened pleading standard required for defamation. See Dorn v. Astra USA, 975 F.Sup. 338, 396 (D.Mass. 1997); Bleau v. Greater Lynn Mental Health & Retardation Ass’n, 371 F.Sup.2d 1, 2 (D.Mass. 2005) (rejecting the application of a heightened pleading standard for defamation in federal court, but noting that “Dorn’s discussion of Massachusetts’ pleading requirements in defamation cases is still correct”); Endodontic Ass’n of Lexington, Inc. v. Johnston-Neeser, 20 Mass. L. Rptr. 677, 680-81 (Mass.Super. 2006) (confirming the validity of the heightened pleading standard for defamation claims in Massachusetts courts). “(A) defamation plaintiff must plead: (1) the general tenor of the libel or slander claim, along with the precise wording of at least one sentence of the alleged defamatory statements); (2) the means and approximate dates of publication; and (3) the falsity of those statements.” Dorn, 975 F.Sup. at 396; see also Russell v. Shear, 2007 WL 6926654 at *1 (Mass.Super. 2007) (Trial Order).
In this case, Haney’s proposed amended complaint describes the foreclosure advertisements in significant detail, including the use of her picture and the text abutting the image of her on her residential property. The foreclosure advertisements may suggest that Haney’s house is or was in foreclosure, implying she could not pay her bills and perhaps other financial difficulties. Accordingly, Haney has pleaded the “general tenor” of the libel claim. See Dorn. 975 F.Sup. at 396. Haney’s proposed amended complaint states that the foreclosure advertisements were placed throughout Roxbury and Dorchester “on or about July 14, 2010,” and “continuing up to the present.” This is sufficient to satisfy the second pleading requirement. See id. Haney, however, has not set forth any facts to establish the falsity of the foreclosure advertisements. Assuming that Haney’s objection to the foreclosure advertisement is the juxtaposition of her picture with the text regarding the sale of foreclosed homes, thereby suggesting Haney’s house was put in foreclosure, Haney has not pleaded any facts regarding whether her house was actually placed in foreclosure. Accordingly, Haney’s proposed amended complaint does not allege the falsity of the statements at issue. Thus, the court grants leave to Haney to file a revised amended complaint. The City may renew its motion to dismiss after the receipt of the revised amended complaint. Haney must file the revised amended complaint within twenty (20) days of the date of this memorandum.
Count III — Negligent Unauthorized Use of Portrait or Picture of a Person
Haney contends that the City’s use of her picture in the foreclosure advertisements constitutes an unauthorized use of portrait or picture of a person in violation of G.L.c. 214, §3A (2008 ed.). The statute provides a cause of action for “(a]ny person whose name, portrait, or picture is used within the commonwealth for advertising purposes or for the purposes of trade without his written consent.” G.L.c. 214, §3A. The statute protects one’s interest in not having the commercial value of his name, portrait, or picture appropriated to the benefit of another. Tropeano v. Atlantic Monthly Co., 379 Mass. 745, 749 (1980).
The City argues that Haney’s cause of action under G.L.c. 214, §3A, should be dismissed because the City is immune from claims arising out of intentional torts under G.L.c. 258, § 10(c). The City contends that the unauthorized use of person’s picture or portrait is properly characterized as an intentional tort because the statute is based upon the common-law tort of invasion of privacy and falls under the sub-tort of appropriation of another’s name or likeness. See 14C Mass. Prac. §17.32. Accordingly, the City argues, because § 10(c) specifically lists “invasion of privacy” among the intentional torts for which the City’s immunity is retained, Haney’s claim is barred.
Massachusetts law, however, distinguishes between the right to privacy and the interest protected by G.L.c. 214, §3A. The Legislature has codified the right to privacy by providing that a “person shall have a right against unreasonable, substantial, or serious interference with his privacy.” G.L.c. 214, §1B (2008 ed.). “In order to avoid creating an unwarranted statutory redundancy where none actually exists, we must interpret G.L.c. 214, §3A, in a way that permits it to perform its intended function without overlapping the function of the Right to Privacy statute.” Tropeano, 379 Mass. at 748. Moreover, §3A appears to be a strict liability statute; thus, there is no need to prove intent or negligence. A finding of intent is necessary only to enable a plaintiff to recover treble damages. G.L.c. 214, §3A (“[i]f the defendant shall have knowingly used such person’s name, portrait, or picture . . . the court, in its discretion, may award the plaintiff treble the amount of damages”). Accordingly, Haney’s amended claim is not futile and her motion to amend is allowed. The City’s motion to dismiss this count is denied.
CONCLUSION
For the foregoing reasons, Haney’s motion for leave to amend Counts I and III is ALLOWED, and the City’s motion to dismiss Counts I and III is DENIED.

 The City has not moved to dismiss Count II and, thus, it is not at issue with respect to the pending motion.

 The broad interpretation retains a large measure of governmental immunity, see, e.g., Jiminez-Nieves v. United States, 682 F.2d 1, 3-6 (1st Cir. 1982), while the narrow interpretation allows actions to be brought against the government when a claim independent of the intentional tort is alleged. See e.g., Ortiz v. Hampden County, 16 Mass.App.Ct. 138 (1983).

 The Texas Tort Claims Act, like the Massachusetts statute, does not waive governmental immunity for intentional torts. See Garcia, 2009 WL 159583 at *14.

 Although the Lucas court ultimately denied plaintiffs claim, the basis for the denial was that there was insufficient evidence on the record for a reasonable fact finder to find that the City is liable. This does not affect the court’s analysis of the negligence standard as applied to the Massachusetts Tort Claims Act. The procedural posture of the case was also different in that the matter was before the court on a motion for summary judgment. See 2009 WL 1844288 at *31 (“even assuming the Massachusetts Tort Claims Act would not bar an action for negligent defamation, there is insufficient evidence . . .”).

 For example, in the yearbook, the typing editor willed “to Dan T... a book entitled 101 Ways to Spend $3,000.’ ” Tilton, 24 Mass.App.Ct. at 111, n.1.