NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

23-P-111                                              Appeals Court

MATTHEW THEISZ  vs.  MASSACHUSETTS BAY TRANSPORTATION AUTHORITY
                         & another.[1]


No. 23-P-111.

Suffolk.     November 8, 2023. - March 15, 2024.

Present:  Rubin, Massing, & Desmond, JJ.


Massachusetts Tort Claims Act.  Assault and Battery.  Bus.
    Massachusetts Bay Transportation Authority.  Public
    Employment.  Labor, Public employment.  Negligence,
    Employer, Vicarious liability.  Immunity from suit.



     Civil action commenced in the Superior Court Department on
September 28, 2016.

     The case was heard by Catherine H. Ham, J., on a motion for
summary judgment.


     David A. Mills & John J. Bonistalli for Massachusetts Bay
Transportation Authority.
     Frank J. Federico, Jr. (Michael P. Holden also present) for
the plaintiff.


     MASSING, J.  The plaintiff, Matthew Theisz, brought an

action under the Massachusetts Tort Claims Act (MTCA), G. L.

_____

     [1] Derek Smith.

c. 258, alleging that the defendant public employer, the Massachusetts Bay Transportation Authority (MBTA), was negligent in hiring, training, supervising, and retaining its employee, defendant Derek Smith, resulting in a violent incident in which Smith, while on duty, assaulted and beat the plaintiff.  The MBTA filed a motion for summary judgment, arguing that it was immune from suit under sections 10 (b) and 10 (j) of G. L. c. 258, and that the record did not support a claim of negligent hiring.  A Superior Court judge denied the motion, and the MBTA filed this interlocutory appeal.[2]  On appeal, the MBTA presses only its claim of immunity under § 10 (j).  We affirm the denial of summary judgment, holding that § 10 (j) does not apply to a claim of negligent hiring, training, supervision, and retention of a public employee.

Background.  The summary judgment materials, taken in the light most favorable to the plaintiff, see Augat, Inc. v. Liberty Mut. Ins. Co., 410 Mass. 117, 120 (1991); Jane J. v. Commonwealth, 91 Mass. App. Ct. 325, 327 (2017), establish that on March 3, 2015, Smith was assigned to the number 896 bus route in the vicinity of Central Square in Lynn.  The plaintiff, lost in Lynn at night in blizzard conditions, saw a bus go by and

___

[2] See Brum v. Dartmouth, 428 Mass. 684, 688 (1999) (denial of claim of immunity from suit immediately appealable); Baptista v. Bristol County Sheriff's Dep't, 100 Mass. App. Ct. 841, 860 (2022) (same).

attempted to wave it down to ask where he could find a bus to Boston. When the bus passed him without stopping, the plaintiff banged on the back door. The bus eventually stopped, and the plaintiff banged on the front door before the driver, Smith, opened it. After words were exchanged, Smith began yelling at the plaintiff, then got out of his seat, approached the door, and kicked snow from the bottom of the bus at the plaintiff. The plaintiff called Smith an "asshole"; Smith lunged at him. The plaintiff tried to run away, but Smith punched him in the back of the head, causing the plaintiff to fall, and then Smith kicked and stomped on the plaintiff's head. Bleeding from his head, the plaintiff was transported to the hospital by ambulance, where he was treated for a traumatic brain injury.

Smith, who had been hired as a part-time bus operator in December 2010, about four years before the incident involving the plaintiff, had a history of infractions based on unsafe driving and complaints based on his hostile or insubordinate interactions with the public and his supervisors. He was promoted to a full-time position in March 2013. Then, in October 2013, he attacked and beat a passenger, crashing the bus he was driving into three parked cars. The MBTA suspended Smith for one day. Smith was not disciplined after an incident in February 2014, when a police officer stopped Smith's bus for a traffic violation and then arrested Smith for refusing to

provide his license and registration, leaving the passengers on his bus stranded. Thus, Smith was still a full-time operator, in good standing, when he attacked the plaintiff.

The plaintiff filed a complaint in the Superior Court in 2016, asserting three tort claims against Smith and two claims against the MBTA, one for negligent hiring, training, and supervision, and one alleging the MBTA's vicarious liability for Smith's actions. After some procedural skirmishing,[3] in 2019, the plaintiff amended his complaint against the MBTA to allege negligent hiring, training, and supervision in count IV and negligent retention in count V. In denying the MBTA's motion for summary judgment, the motion judge treated the two counts as a single claim for negligent hiring, training, supervision, and retention, as do we.

Discussion. Public employers are exempt from liability for the intentional torts of their employees, including assault and battery. See G. L. c. 258, § 10 (c). This immunity, however,

---

[3] The MBTA filed a motion for judgment on the pleadings, arguing that public employers are immune from vicarious liability claims based on intentional misconduct and that the plaintiff failed to make proper presentment of the negligent hiring, training, and supervision claim. A Superior Court judge allowed the MBTA's motion as to the vicarious liability claim and denied the motion as to the negligence claim. The MBTA appealed, and the Supreme Judicial Court, taking the case on its own initiative, affirmed the order of the Superior Court judge. See Theisz v. Massachusetts Bay Transp. Auth., 481 Mass. 1012 (2018).

does not extend to claims of negligent hiring, supervision, and retention because such claims are based on the conduct of the employer rather than the employee. See Dobos v. Driscoll, 404 Mass. 634, 653, cert. denied, 493 U.S. 850 (1989); Doe v. Blandford, 402 Mass. 831, 836-838 (1988) (Blandford).

When an employer hires an employee who will interact with members of the public, the employer has the duty to exercise reasonable care in selecting employees who will not endanger the public. See Foster v. The Loft, Inc., 26 Mass. App. Ct. 289, 290 (1988). "Once an employee is hired, '[e]mployers are responsible for exercising reasonable care to ensure that their employees do not cause foreseeable harm to a foreseeable class of plaintiffs.'" Cottrell v. Laidley, 103 Mass. App. Ct. 483, 493 (2023), quoting Helfman v. Northeastern Univ., 485 Mass. 308, 326 (2020). This responsibility extends to public employers. As relevant here, "where the supervisory officials allegedly had, or should have had, knowledge of a public employee's assaultive behavior, it is the supervisors' conduct, rather than the employee's intentional conduct, that is the true focus of the case." Dobos, 404 Mass. at 653.

The MBTA argues that it is immune from liability for the plaintiff's negligence claim based on G. L. c. 258, § 10 (j). Section 10 (j) exempts public employers from liability for "any claim based on an act or failure to act to prevent or diminish

the harmful consequences of a condition or situation, including the violent or tortious conduct of a third person, which is not originally caused by the public employer or any other person acting on behalf of the public employer."  G. L. c. 258, § 10 (j).  The MBTA argues that § 10 (j) applies because the plaintiff's claim is based on the MBTA's failure to prevent Smith's violent conduct.  Keeping in mind that the plaintiff's claim of negligent hiring, supervision, and retention is based on the conduct of the MBTA and not on Smith's conduct, it is evident that § 10 (j) is inapplicable.

The reference to "the violent or tortious conduct of a third person" in § 10 (j) does not include conduct of public employees.  In cases in which § 10 (j) has been held to exempt public employers from liability for failing to prevent the violent conduct of a third party, the third party in question has never been a public employee.  Limiting our sample to the § 10 (j) cases cited by the MBTA in its principal brief, a public school was not liable for injuries to a student caused by another student pushing him down a flight of stairs, see Cormier v. Lynn, 479 Mass. 35, 36, 41-42 (2018); the parole board was not liable for the murder of a police officer by a former prisoner who had been released on parole, see Kent v. Commonwealth, 437 Mass. 312, 313, 317-320 (2002); a public school was not liable for the death of a student caused by armed

assailants trespassing on school grounds, see Brum v. Dartmouth, 428 Mass. 684, 686-687, 696 (1999); State agencies were not liable for the beating of one youth committed to a department of youth services facility by another, see Baptiste v. Executive Office of Health & Human Servs., 97 Mass. App. Ct. 110, 112-113, 119-121 (2020), cert. denied, 141 S. Ct. 2626 (2021); a public school was not liable for injuries caused to one player on the student field hockey team who was struck in the face by another player's stick, see Stahr v. Lincoln Sudbury Regional High School Dist., 93 Mass. App. Ct. 243, 245, 247 (2018); and a State hospital was not liable where one patient raped another patient who had been committed to the facility, see Jane J., 91 Mass. App. Ct. at 326-327, 330-332.  Indeed, to interpret "tortious conduct of a third person" in § 10 (j) to include conduct of public employees would give public employers immunity for claims that the MTCA was specifically enacted to include: claims based on the "negligent or wrongful" -- that is, tortious -- conduct of public employees.  See G. L. c. 258, § 2 ("Public employers shall be liable for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any public employee while acting within the scope of his office or employment").

Nor do we accept the MBTA's argument that a claim of negligent hiring, training, supervision, or retention is a claim

based on the "failure to act to prevent or diminish the harmful consequences" of a public employee's conduct within the meaning of § 10 (j). As previously noted, negligent hiring, training, supervision, or retention claims are based on the negligent conduct of the public employer rather than on the intentional conduct of the public employee. See Dobos, 404 Mass. at 653. If the MBTA knew or should have known of Smith's assaultive behavior, it was the MBTA's promotion and retention of Smith, not its failure to prevent his assault on the plaintiff, that forms the basis of its liability. See Blandford, 402 Mass. at 838.

Although we have explained that "a third person" under § 10 (j) cannot be a public employee, the negligent promotion and retention of Smith could also be viewed as an "original cause" of the plaintiff's injury within the meaning of § 10 (j). An act is an "original cause" if it "materially contributed to creating the specific 'condition or situation' that resulted in the harm." Kent, 437 Mass. at 319, quoting G. L. c. 258, § 10 (j). Examples "of the relationship between affirmative acts and specific conditions or situations resulting in harm that might fall within these parameters" include "the recommendation of a convicted rapist for employment in a trailer park that gave him access to keys of all of the units of potential victims in the park" or "the hiring of a guidance

counselor who subsequently abused his students." Kent, supra at 319 n.9 (discussing Bonnie W. v. Commonwealth, 419 Mass. 122 [1994], and Blandford, 402 Mass. 831 [1988]).  The MBTA's continued employment of an undisciplined, volatile employee with a track record of hostile and violent tendencies against riders is an affirmative act of this nature.

Conclusion.  We agree with the motion judge that the plaintiff's claim for negligent hiring, training, supervision, and retention is not barred by § 10 (j).[4]  The order denying the MBTA's motion for summary judgment is affirmed.[5]

So ordered.

---

[4] The MBTA also argues that the motion judge erred by denying its motion to strike certain materials in the summary judgment record that the plaintiff filed outside of the parameters of Superior Court Rule 9A.  This claim, which could have been raised in the MBTA's principal brief but was raised for the first time in its reply brief, is not properly before us.  See Commissioner of Revenue v. Plymouth Home Nat'l Bank, 394 Mass. 66, 67 n.3 (1985); Henderson v. Commissioners of Barnstable County, 49 Mass. App. Ct. 455, 459 (2000).  Even if it were, we would hold that the motion judge's decision to consider these materials was well within her broad discretion.  See Teamsters Local Union No. 404 v. Secretary of Admin. & Fin., 434 Mass. 651, 660-661 (2001); Malden Police Patrolman's Ass'n v. Malden, 92 Mass. App. Ct. 53, 56 (2017).

[5] The plaintiff's request for double costs is denied.